## DESHA COUNTY v. NEWMAN.

COUNTY COURT: *Allowance by.*

  Allowances made by the County Courts since the passage of the act of March 28, 1871, (Acts 1871, p. 312), for blanks and stationery for justices of the peace, are illegal.

——— Allowances by, are in the nature of judgments.

JUDGMENT: *Of Circuit Court; vacation of.*

  By statute the Circuit Courts are authorized, in specified cases, to vacate or modify their judgments after the term at which they were rendered.

——— *Of County Courts; vacation of; county scrip collaterally assailed.*

  As a general rule County Courts have no power to vacate their judgments after the expiration of the term, but by statute (*Gantt's Digest*, Secs. 614, 616, 611, and *Acts* 1875, p. 177) County Courts are empowered to review all allowances made at previous terms, and if illegally made, to reject warrants issued upon them, and also to reject warrants otherwise illegally or fraudulently issued. Warrant holders take them subject to this power of the County Court to reject them; and it has been held in suits upon county warrants that the allowances upon which they were issued may be collaterally assailed for illegality as matter of defense. *Shirk* v. *Pulaski county*, 4 Dillon, 209.

APPEAL from *Desha* Circuit Court.

Hon. J. A. WILLIAMS, Circuit Judge.

*J. P. Clayton*, for appellant.

*Pindall, contra.*

ENGLISH, C. J. :

The County Court of Desha county, at its July term, 1876, made an order calling in the outstanding warrants, etc., of the county, requiring holders to present them at the January term following.

Within the time prescribed by the order, C. G. Newman filed for examination, cancellation and re-issuance, thirty-two warrants issued to him prior to the date of the calling order upon allowances, in his favor, amounting in the aggregate to the sum of $1,798.75.

Desha County vs. Newman.

The court at its January term, 1877, proceeded to examine the warrants filed by Newman, the accounts and orders upon which they had been issued, and found and decided that all of the warrants, except for the sum of $176.25, had been issued contrary to law and without consideration, and rejected them, and directed the clerk not to re-issue them ; and Newman excepted and appealed to the Circuit Court.

The matter was heard anew in the Circuit Court and judgment rendered, ordering the clerk of the County Court to renew all of the warrants filed by Newman. A new trial was refused the county, and it took a bill of exceptions and appealed to this court.

On the trial Newman read in evidence the following order of the County Court, made 15th of May, 1875 :

"On this day the court, on its own motion, doth order that the clerk hereof furnish the justices of the peace of Desha county any suitable blanks now in his office, and to purchase any blanks needed by justices, if the same can be purchased for Desha county scrip."

Also read in evidence the following account filed in the County Court by him, verified by affidavit and the orders of allowance thereon.

1. An account for printing marriage licenses and
bonds allowed 28th of April, 1875, for......... $    16 25
2. An account filed Sept. 29, 1875, for publishing
list of allowances.............................        202 50
And for printing 1,140 quires magistrates' blanks,
as per order, at $1 per quire.................      1,142 50

The two items of this account, making $1,342.50, were allowed October 5, 1875, and the clerk ordered to draw warrants upon the Treasurer for the amount, and the court further ordered that all justices wanting blanks might apply to the clerk for the same and should pay therefor $1 per quire,

and it was made the duty of the clerk to report to each term of the court the amount of money collected by him for the sale of said blanks, and to publish the order, etc.

3. An account for printing constables' and justices'
blanks...................................... $    40 00
And for printing Circuit Court blanks............    190 00
This account was also allowed and warrants ordered October 5, 1875.

4. An account for printing blanks, etc., kind not
named, allowed and warrants ordered April 4,
1875, for........................................ $   210 00
The total allowance being for $1,798.75, which was the aggregate amount of the warrants presented by Newman under the calling order.

The attorney for the county offered to prove that the justices' and constables' blanks charged in the several accounts for which allowances were made and warrants issued thereon, had not in fact been received by the county.

Also that no appropriation had been made, nor any taxes levied for the purchase of justices' and constables' blanks.

The court ruled the evidence inadmissible.

On behalf of the county the following declarations of law were moved.

"1. That when the County Court finds, upon calling in the county scrip, that certain scrip has been issued upon allowances made by the former orders of the court, for blanks that the county was not legally empowered to purchase, the court may legally cancel such scrip and refuse the issuance of other in lieu thereof.

"2. The County Court was not empowered by law to purchase blanks for which no appropriation had been made and no tax levied by the County Judge and justices in County Court assembled.

"3. That the County Court had no authority, by law, to purchase the justices' and constables' blanks in this cause mentioned."

Which the court refused, but declared the law to be as follows:

"1. Where scrip has been regularly issued in accordance with an allowance regularly made by the County Court, the consideration for such scrip cannot be inquired of in a proceeding to call in and re-issue the scrip of the county under the provisions of Secs. 614, 615, 610, *Gantt's Digest*.

"2. An allowance of an account in favor of a creditor of the county by the County Court, upon a claim regularly presented to it, is a judgment of such court, and such judgment cannot be disregarded, held for naught or inquired into under this proceeding.

"3. Scrip issued under a regular allowance of the County Court is not, in contemplation of law, scrip illegally issued."

The contest on the trial in the Circuit Court seems to have been in relation to the allowances for blanks for justices and constables, and the warrant issued thereon.

It appears that there was an allowance, 5th of October, 1875, of $1,142.50, for blanks for justices; and an allowance as of the same date of $40, for blanks for justices and constables, making together $1,182.50. Deduct this sum from $1,798.75, the amount of all of the allowances and warrants, and the remainder is $616.25, for which appellee was entitled to have renewed warrants, nothing appearing to the contrary in the record before us, and to that extent the judgment of the Circuit Court was right.

We do not find that there was ever any statute requiring or authorizing County Courts to furnish printed blanks to constables at the expense of the public.

Nor that there was at any time a statute authorizing County

Courts to procure and supply justices of the peace with printed blanks.

An act of July 25, 1868, (Acts of 1868, p. 337), required each justice of the peace to keep as his dockets, two good and substantial leather-bound books of at least eight quires each, and to procure all necessary blank forms and stationery for his office.  *Sec. 1.*

And it was made his duty to make out an account for all records, blank forms and stationery that might be necessary for his office, and to certify that such account was true and correct, and that the articles therein mentioned were necessary for his office, and to submit the same to the County Court, which was required, if the account was found correct, to order the same to be paid out of the county treasury. *Sec. 2.*

By act of 28th March, 1871, (Acts of 1871, p. 312), the above act was repealed; and it was made the duty of the County Court, upon the application of any justice of the peace, to furnish him with two good and substantial leather-bound books of at least six quires each, to be used as civil and criminal dockets; *provided,* that he had none and was not entitled to receive them from his predecessor in office.  See *Gantt's Digest,* Sec. 3710.

The repeal of the act of the 25th of July, 1868, and the provision in the repealing act for furnishing justices of the peace with dockets only, was equivalent to an expression of legislative will that justices should not thereafter be furnished with blank forms and stationery at public expense.

It follows that the allowances by the County Court in favor of appellee for printing blanks to be furnished by the clerk to justices of the peace were illegally made.  In other words, the court had no authority or discretion to make such allowances.

The allowance by the County Court of a claim against the county in favor of the claimant is in the nature of a judgment. *Jefferson County* v. *Hudson, Sheriff*, 22 Ark., 595.

As a general rule the County Courts, like the Circuit Courts, have no power to set aside, vacate, modify or disregard their judgments after the close of the term at which they are rendered. *Reiff et al.* v. *Conner et al.*, 10 Ark., 241.

But by statute the Circuit Courts are authorized in specified cases to vacate or modify their judgments after the expiration of the term, at which they are rendered, and this court has not doubted the constitutional power of the Legislature to give them such control of their judgments in the cases, and for the causes indicated in the statute. *Badgett* v. *Jordan*, 32 Ark., 157.

Warrants upon the county Treasurer (commonly called scrip), are issued upon, and for the payment, of allowances made by the County Court. *Gantt's Digest*, Sec. 600, 606, Act of 1875, p. 51, etc.

The statute empowers the County Courts as often as once in three years to call in all out-standing warrants, to examine and cause them to be renewed if legally issued, and if not to reject them. *Gantt's Digest*, Secs. 614, 616, 611, Acts of 1875, p. 13.

Thus the Legislature has empowered County Courts to review allowances made at previous terms, and if made without authority of law, to reject warrants issued upon them, and also to reject warrants otherwise illegally or fraudulently issued.

Warrant holders take them subject to the exercise of such power by the County Courts, the statute conferring the power being the law of the contracts. *Parsel* v. *Barnes & Bro.*, 27 Ark., 261.

The allowances in favor of appellee for magistrates' blanks

are not attacked collaterally, but in a direct proceeding to review them authorized by statute.

But in suits upon warrants, where allowances have been collaterally attacked, it has been held that it may be shown as matter of defense, that the allowances have been made contrary to law.

In *Shirk* v. *Pulaski County*, 4 Dillon, 209, the suit was upon warrants issued upon allowances made for five and ten times the value of the claims, in violation of law, and Mr. JUSTICE DILLON, after reviewing and citing many authorities, said : " The true rule is this : within the limits of their power, as conferred by statute, the action of the County Court in determining the amount due a creditor of the county, in the absence of fraud, or, perhaps mistake, binds the county ; but the County Court cannot bind the county by ordering a claim to be paid which is not made a county charge by statute, or by allowing more than the statute distinctly limits, or by an allowance in the face of a statutory prohibition."

"Any other principle," (he adds) "would ruin municipalities and counties ; and the danger which would result from it is well exemplified in this case, where ten dollars have been allowed for one, and where, it is said, the officers of the defendant, county, have in this manner issued $400,000 of warrants within a few years, which are yet outstanding."

The Circuit Court erred in directing the County Court to issue to appellee warrants in renewal of such of his warrants as were issued upon allowances for blanks for justices of the peace and constables.

If, however, the clerk sold blanks furnished by appellee, as directed by the order of the County Court, of the 5th of October, 1875, and paid the money into the county treasury, it is but just that appellee should have an allowance and warrant

for the amount so received for blanks furnished by him, and if any blanks remain unsold, they should be returned to him.

The judgment must be reversed and the cause remanded to the Circuit Court, with instruction to it to issue a mandate to the County Court in accordance with this opinion.