## LINCOLN COUNTY V. SIMMONS ET AL.

COUNTY COURT: *Judgment of, conclusive after lapse of term.*

> The allowance or rejection of a claim by the County Court against the county is in the nature of a judgment, and after the lapse of the term the court loses all control over it; and the same matter can not be litigated again between the same parties except upon review in a higher court.

APPEAL from *Lincoln* Circuit Court.

Hon. M. L. BELL, Special Judge.

*J. M. Cunningham*, for appellant:

1. The former judgment of the County Court was final, and there could be no readjudication except on appeal. (*Bird v. Brown*, 5 Ark., 709; *Colby v. Lawson*, ib., 303.) The County Court could not set aside this judgment after the close of the term. 27 Ark., 202; 2 ib., 66; 5 ib., 23; 6 ib., 92; ib., 282; 13 ib., 241.

2. The matters were *res adjudicata*, and appellees were estopped by the former judgment. *Herman on Estoppel*, 26, and cases cited; *Freeman on Judgments*, 247.

3. Lincoln County was not a party to the suit in the Lincoln Circuit Court, and not bound. "*Res inter alios acta alteri nocere non debit.*" (*Freeman on Judg.*, 154.) More than three years had elapsed from the date of the decree, and the judgment void. *Gantt's Digest*, 4692, and no notice given. *Ib.*, sec. 359 and 98; *Freeman on Judg.*, 104 a.

W. W. SMITH, J. At the January term, 1877, of the Lincoln County Court, the appellees presented their several petitions for the refunding of certain taxes for the

year 1872, alleging that they had been paid under an illegal assessment. They were met by a plea of the statute of limitations, and a judgment was entered rejecting their claim and awarding costs against the claimants. They prayed an appeal to the Circuit Court, but never prosecuted it.

At the next term of the County Court, they renewed their demands with better success. From the judgment of allowance, an appeal was taken to the Circuit Court, on the intervention of Cunningham, a citizen and tax-payer, pursuant to section 51, article 7, Constitution of 1874. There he filed in behalf of the county a plea of former adjudication of the same subject-matter between the same parties. The court found the plea to be true in substance and in fact, but gave judgment for the plaintiffs notwithstanding.

This was error. The allowance or rejection of a claim against a county, is in the nature of a judgment, and after the lapse of the term the court loses all control over it. Nor can the same matter be litigated again between the parties to the former proceeding, except upon review in a higher tribunal. *Rieffe v. Connor, 10 Ark., 241; Brandenburg v. The State, 24 ib., 50; Patterson v. Temple, 27 ib., 202; Kirsh v. Lincoln Co., 36 ib., 589; Peay v. Duncan, 20 ib , 85 ; Jessup v. Spears, 38 ib., 457.*

Both the County Court and the Circuit Court seemed to have supposed that the county was concluded by a decree of the Lincoln Circuit Court in a cause between the present appellees and the County Clerk, in which it was adjudged that the raising of the values placed by the assessor upon the appellee's lands through the action of the County Board of Equalization was unauthorized. But the result of that litigation ought not to have affected the county, as it was not a party thereto.

Reversed and remanded for a new trial.