## Monroe County *v.* Brown.

### Opinion delivered May 17, 1915.

1. County Court—Allowance of Claims—Judgment—Collateral Attack.—A county court, in the allowance of claims against the county, acts judicially and its judgments are not open to collateral attack except for fraud or lack of jurisdiction.

2. County Court—Warrants—Fraud—Subsequent Rejection.—Under the statute authorizing the county court to call in all outstanding warrants, and to reject those fraudulently or illegally issued, those warrants may be rejected, which could not have been valid claims against the county, or where the judgment of allowance was obtained by fraud practiced.

3. County Court—Allowance of Claim—Excessive Amount.—The mere fact that the county court has erroneously allowed a claim for an excessive amount, does not call for reinvestigation and review in subsequent proceedings under the statute, but if fraud has been practiced in the allowance itself, the claim is an illegal one and the judgment may be inquired into and set aside.

4. County Court—Allowance of Claims—Collusion.—Where there has been collusion between a claimant and the county judge, for the purpose of having the amount of a claim illegally augmented, this constitutes fraud on the county, which the court is authorized to correct in a subsequent proceeding by setting aside the judgment.

5. County Court—Allowance of Claim—Fraud—New Warrants.— Where claims have been allowed against a county, fraudulently, for an excessive amount, and the judgment making such allowance has later been corrected, on appeal, the circuit court, after determining that the original judgment of allowance should be set aside for fraud, may render a judgment allowing the correct amount due the original claimants, and direct that new warrants be issued for such amounts.

6. Road Districts—Appropriation—Contracts.—Under Act of 1905, p. 226, contracts for road purposes are limited to the estimated amount of funds to be raised by the tax, and any contract in excess of the amount appropriated and to be collected, is void. In a

special case, before a contract will be declared void it must be shown that the contract was made after the appropriation was exhausted.

7.  ROAD DISTRICTS—CONTRACTS—ASSESSMENTS—VALIDITY OF ACT.—Acts 1905, p. 226, limiting the contract-making power of a road improvement district is not in conflict with Amendment No. 5, authorizing a special levy for road purposes.

Appeal from Monroe Circuit Court; *Eugene Lankford,* Judge; affirmed.

*Manning, Emerson & Morris* and *C. F. Greenlee,* for appellant.

1.  Demands against a county must be verified according to law. Kirby's Dig., § § 988, 1453, 1179. County courts are expressly prohibited from allowing any greater sum than is actually due in money. 47 Ark. 80; 44 *Id.* 437; 31 *Id.* 552. On appeal the circuit court can only render such judgment as the county court should have rendered. 90 Ark. 195; 52 *Id.* 502. The affidavit is a prerequisite to the allowance of the claim.

A county court when passing on the question of reissue or cancellation of a warrant can not enter into a trial of the questions which should have been tried when the claim was presented, and hear new testimony, but it must cancel the warrant if illegally issued, and the circuit court, on appeal, can only order the warrant cancelled.

2.  On appeal, the circuit court had no authority to try the merits of the claims. 52 Ark. 502. The case of 84 Ark. 249, does not apply here.

3.  The road warrants were issued in excess of the amount appropriated and collected. Kirby's Dig., § 7288. There can be no innocent purchaser of county warrants. 98 Ark. 229; 103 U. S. 74.

*Thomas & Lee,* for appellees.

1.  The county court is clothed with authority to go into all the evidences of indebtedness, and if a legal demand or claim is shown, it is its duty to reissue the warrant. Kirby's Dig., § § 1179, 1375. It has original exclusive jurisdiction to settle all demands against the

county.  47 Ark. 80; 44 *Id.* 225.  The court acts in its administrative capacity for the county as do the council of a city or the Legislature for the State, and is clothed with discretion in the performance of its duties.  107 Ark. 301.

2.  Warrants issued for more than the amount due are void only as to the excess.  4 Dillon, 209; 2 *Id.* 493; 4 N. D. 339.

3.  An affidavit verifying a claim is not jurisdictional, but the affidavit may be made on appeal, in the circuit court.  Kirby's Dig., § 7288; 84 Ark. 331; Kirby's Dig., § 3517.  On appeal the matter is tried *de novo,* and amendments may be made that do not change the original cause of action.  61 Ark. 253; 55 *Id.* 282.  Settlement of claims and issuing warrants have not the force of judicial judgments, which conclude the party or county.  So the holder of a warrant is entitled to a reissue for at least the amount actually due him.  19 Ia. 117, 248; 6 Kans. 510; 11 Minn. 31; 19 Wall. 468; 4 Dillon, 209.

4.  The road tax had been voted and the appropriation for roads duly made.  Kirby's Dig., § § 7288; Amend. No. 5.  The contract may exceed the appropriation.  73 Ark. 526; 54 *Id.* 645; 61 *Id.* 74; 63 *Id.* 397.

5.  The services were rendered and the warrants transferred to appellees for value who became the equitable assignees of the claim, or, at least, of the proportionate share actually and legally due.  The judgment is right and should be affirmed.

McCulloch, C. J.  This appeal is in a case where the county court of Monroe County called in the county warrants for reissuance or cancellation pursuant to the terms of a statute which provides that the county court of any county may "call in the outstanding warrants of said county in order to redeem, cancel, reissue or classify the same, or for any lawful purpose whatever" and shall make an order fixing the time for the presentation of said warrants, etc.  Kirby's Digest, section 1175.  The three appellees, L. K. Brown, R. N. Counts, and the Bank of Clarendon, are the separate holders of certain

warrants, and the county court, on presentation thereof, ordered the same cancelled on the ground that they were based on illegal allowances. Appellees took an appeal to the circuit court and on the trial there the court found that the original allowances were for excessive amounts and cancelled the warrants, but ordered reissuance for the amounts found to be actually due to the original claimants, appellees being merely purchasers and holders of the warrants.

The warrants held by appellee Brown were based upon allowances to laborers under contract for working the public roads, the warrants being drawn on the road tax fund collected pursuant to Amendment No. 5 of the Constitution which authorizes a special fund to be raised for road purposes when voted by the electors of the county. The affidavit attached to each of the allowances involved in the controversy concerning the warrants held by appellee Brown were made by the road overseer and not by the claimants themselves, and the contention is that the allowances were void because of the failure to comply with the statute which requires all claimants to verify their claims by affidavit. The circuit court allowed the affidavits to be filed in accordance with the statute and then directed the reissuance of the warrants.

The warrant held by appellee Counts was also a warrant drawn on the road fund and was based upon an allowance made to a laborer, and, as in the Brown case, the affidavit was made by the overseer and not by the claimant. It appears also that pursuant to an understanding between the county judge and the road overseer the account was increased from $6 to $8 on account of the discount in value of the warrants, the account of the treasurer being at that time overdrawn. The circuit court allowed a new affidavit to be filed by the original claimant, the same as in the Brown case, but ordered reissuance of the warrant only to the extent of the sum of $6, which was the correct amount of the original claim before it was increased.

The Bank of Clarendon case involves warrants which were issued, based upon allowances to the county made

upon a claim presented by the electric light company for lights furnished the county and for telephone charges. Those warrants were issued on the general fund of the county, and as county scrip was depreciated in value to the extent that it was only worth about 33 1/3 cents on the dollar the amount of the account was, by express understanding between the claimant and the county judge, increased three-fold, and that part of the statutory affidavit which declares that "the bill was not enlarged, enhanced or otherwise made greater in consequence of an estimated, supposed or real depreciation in the value of county warrants" was erased from the printed blank and omitted. The circuit court cancelled the warrant, but ordered a reissue for the amount actually due the original claimant, that is to say one-third of the amount of the account, thus striking out the increase incorporated in the claim on account of the depreciated value of county warrants.

(1) This court has in its decisions steadily adhered to the rule that a county court, in the allowance of claims against the county, acts judicially, and that its judgments are not open to collateral attack except for fraud or lack of jurisdiction. *Jefferson County* v. *Hudson,* 22 Ark. 595; *State, Use Izard County* v. *Hinkle,* 37 Ark. 532; *Cope* v. *Collins, Admr.,* 37 Ark. 649; *Lincoln County* v. *Simmons,* 39 Ark. 485.

In *State, Use Izard County* v. *Hinkle, supra,* Chief Justice English, speaking for the court, laid down the following as the true interpretation of the force and effect of the judgments of county courts and the methods in which they may be attacked: "An order of allowance, made by the county court, may be reviewed or opened in several modes: First. By appeal to the circuit court. Second. It may be quashed on *certiorari* by the circuit court, where it appears from the face of the record that the claim was not, by law, a charge against the county, and the court had no authority or discretion to allow it upon any evidence that might have been introduced. * * * Third. The statute empowers the county courts as often as once in three years, to call in all outstanding

warrants, to examine and cause them to be renewed, if legally issued, and, if not, to reject them. Thus the Legislature has empowered county courts to review allowances made at previous terms, and, if made without authority of law, to reject warrants issued upon them, and also to reject warrants otherwise illegally or fraudulently issued, as held in *Desha County* v. *Newman, supra.* Fourth. An order of allowance may be opened in chancery, as any other judgment, for fraud, accident or mistake, on a proper case made.''

In the case of *Desha County* v. *Newman*, 33 Ark. 788, the opinion was also written by Chief Justice English, and it was cited with approval in the *Hinkle case, supra.* That was a case, like this, where the county court called in the warrants for cancellation or reissuance, and involved the question of the power of the county court in that proceeding to cancel a warrant based upon allowance for a printing account presented against the county. In discussing the effect of the statute and the power given to the county court thereunder, this court said: ''The statute empowers the county courts as often as once in three years to call in all outstanding warrants, to examine and cause them to be renewed if legally issued, and if not to reject them.  *  *  *  Thus the Legislature has empowered county courts to review allowances made at previous terms, and if made without authority of law, to reject warrants issued upon them, and also to reject warrants otherwise illegally or fraudulently issued. Warrant holders take them subject to the exercise of such power by the county courts, the statute conferring the power being the law of the contracts. (Citing *Parsel* v. *Barnes & Bro.*, 27 Ark. 261). The allowances in favor of appellee for magistrates' blanks are not attacked collaterally, but in a direct proceeding to review them authorized by statute.''

(2)   The effect of our previous decisions, therefore, is to hold that a proceeding of this kind by the county court reviewing its orders of allowance rendered at former terms, does not constitute a collateral attack upon these judgments, but that it is a direct attack. The stat-

ute empowers the county court to reject warrants ille-
gally or fraudulently issued, and this necessarily gives
the power to determine what warrants fall within that
class.    The statute is not construed to mean that the
county court is authorized to review former judgments
of the court for mere errors in the allowance of claims,
but they are authorized to reject claims which have been
illegally or fraudulently issued.    In other words, where
the claim against the county was one which, under any
evidence which might have been adduced, could not have
been a valid claim against the county, or where the judg-
ment of allowance was obtained by fraud, it may
be set aside and warrants issued pursuant thereto
cancelled.    However, to carry the review beyond that
and to permit investigations for mere errors of the court,
would make it purely a collateral attack on the judgment,
which is not authorized by the statute.

This distinction is illustrated by our two decisions
in *State* v. *Perkins*, 101 Ark. 358, and *Fuller* v. *State, for
use of Craighead County,* 112 Ark. 91.    In the former
case we held that there could be no review of a judgment
of the county court adjusting the settlement of a collec-
tor merely because there had been an error discovered
in the amount of commissions allowed; but in the last
cited case we held that there could be a review where
the court allowed commissions which were wholly unau-
thorized by the statute, as such an allowance constituted
fraud in law.

(3-4)    The case of *Desha County* v. *Newman, supra,*
is illustrative of the scope and effect of the authority
conferred upon the county court by the statute authoriz-
ing the calling in of warrants.    That case involved a
claim for printing and there was no statute which au-
thorized the allowance of such claim, and it was held that
the judgment was wholly void because the claim was il-
legal and one which should not have been allowed under
any evidence which might have been introduced.    The
mere fact, however, that a claim has been erroneously al-
lowed for an excessive amount does not call for rein-
vestigation and review in subsequent proceedings under

the statute. If however, fraud has been practiced in the allowance itself, the claim is an illegal one and the judgment may be inquired into and set aside. Where there has been collusion between a claimant and the county judge, for the purpose of having the amount of the claim illegally augmented, this constitutes a fraud on the county which the court is authorized to correct in a subsequent proceeding by setting aside the judgment.

(5) It is thus readily seen that the warrants involved in the *Counts* case, and those also involved in the *Bank of Clarendon* case, fall within the rule just stated, and the county court had the power to set aside the allowances because the collusion between the claimant and the county judge amounted to fraud which avoided the judgments of allowance. In each of the cases, the circuit court, as has already been shown, directed new warrants to be issued for the amount actually due by the county to the original claimant, and that is the feature of the order from which the county has appealed. It is insisted that if the original allowances were void, neither the county court nor the circuit court on appeal had any authority to order a reissue of the warrants for any part of the amount claimed. We are of the opinion, however, that that would not be the just rule to apply in a case of this character. The statute manifestly was enacted for the purpose of protecting the county against fraudulent or illegal allowances and to authorize the county court to set aside former judgments purely for the purpose of protecting the county. The object of the statute is fully attained when the county is protected from the wrongful allowances, and the original judgment of allowance can only be set aside to the extent of its wrongful effect. In other words, when the allowance is purged of its illegality and fraud, the application of plain principles of equity and justice demands that the judgments of allowance shall stand for the amount to which the original claimant was entitled. That principle is read into any statute which authorizes the setting aside of judgments unlawfully obtained, for, after all, it is only the unlawful part of a judgment which falls within

the purview of the statute. This view is expressed by Judge Dillon in the case of *Shirk* v. *Pulaski County,* 4 Dillon, 209. That was a suit on warrants, and not a proceeding for calling in the warrants, and it was held there that the warrants were absolutely void because they were allowed fraudulently, but that the holder of the warrants would be treated as the equitable assignee of so much of the original claim as was legal and that a judgment would be rendered for that amount.

We conclude therefore that the circuit court was correct in ascertaining, after determining that the original judgment of allowance should be set aside for the reasons stated, the correct amount due the original claimants and directing new warrants for such amounts.

(6-7)   It is also contended by counsel for appellant that the road warrants held by appellees Brown and Counts should not have been reissued for the reason that the amount of the collection and appropriation of road tax had been exhausted. There was a special statute in force in Monroe County concerning the method of working the public roads and making contracts with reference thereto, and collecting and disbursing the road funds. See Acts of 1905, p. 226. Section 4 of the act reads as follows: "No contract shall be made by the county judge or county court for the building of bridges or repairing of same, or for working the roads, until after the county court has levied the taxes for roads and bridges under this act for the ensuing year, and then not until an estimate shall be made of the amount of money that will be raised by such levy and collection for roads and bridges within twelve months of the date of the levy; and all contracts made and to be made within one year from date of the levy of taxes shall be in amount not to exceed the estimated levy." This statute is not in conflict with Amendment No. 5, authorizing the special levy for road purposes, and this case, on account of the special features of the act applying in Monroe County, does not call for a construction of Amendment No. 5, nor of the general statutes of the State with reference to expenditure of money raised pursuant to that provision. It is clear,

however, from a consideration of the language of the special statute quoted above, that it was intended to limit contracts for road purposes to the estimated amount of funds to be raised by the tax, and that any contract in excess of the amount appropriated, and to be collected, is void.

Now, it is shown in the present case that the total amount of road warrants exceeded the amount of the appropriation and the amount actually collected for the years named, but it does not appear that the contracts upon which the warrants held by the appellees were based, exceeded the estimate or appropriation. It shows that the total amount of warrants did in fact exceed the estimate, but these warrants may have been based upon contracts made before the appropriation was exhausted. There is therefore not enough in the present record to show that the allowances were void for the reason that the appropriation and collections were exceeded. The county court in this proceeding has the right to ascertain whether or not the contracts embraced in the original claims were made before or after the appropriation of the road tax was exhausted, and if made afterwards to declare the allowance void, for in that case the county court was without power to make the allowance and the judgment could be set aside in a subsequent proceeding calling in the warrants.

We find no error in either of the judgments involved in this appeal so the same are affirmed.