## WEAVER *v.* KING.

### Opinion delivered October 18, 1915.

ROADS—MAINTENANCE—AUTHORITY OF OVERSEER—APPROPRIATION.—Where county roads are worked under the optional system known as the "Cotton Road Law," Kirby's Digest, §§ 7290-7323, a road overseer has no authority to incur an indebtedness in excess of the district's revenues, in his work of maintaining the road.

Appeal from Franklin Circuit Court, Ozark District; *James Cochran*, Judge; reversed.

*Geo. W. Barham*, for appellant.

The amount allowed by the circuit court was in excess of the amount in the treasury standing to the credit of the road district under the levy made by the county court for roads and bridges, and was without authority of law. At the session of the county court held in July,

1914, at which appellee was present, all road overseers were specially directed not to vote to work any more time or contract for any more material than could be paid for by the amount of money in the treasury to the credit of their respective districts. Under the law, and the orders of the county court pursuant thereto, the end of the road year was the October term of that court. At that term each year it was necessary that the levy of three mills tax for the ensuing year be made. Unless this order is so revised the road work must proceed under the general road law. The work done by the overseer in excess of the amount in the treasury, and contrary to the orders of the county court was at his own risk. Kirby's Dig. § § 7314, 7315, 7316, 7317, 7318.

*Robt. J. White,* for appellee.

Section 1375, Kirby's Dig., does not give the county court or judge the exclusive right or any right at all to prescribe the time to work or the manner of working county roads already laid out and established. See also Kirby's Dig. § § 7250, 7263, 7327, 7337, 7339, 7340, 7346, 7347, 7349. These statutes place the duty of keeping the road in repair upon the overseer. The county judge's admonition to the overseers was no excuse for their failing to do the necessary work, and would not protect them from the penalties therein prescribed.

SMITH, J. Appellee was overseer of Road District No. 24 of Franklin County, and filed a claim against that district at the October, 1914, term of the county court for the sum of $313.97. This amount was made up of various items for hired labor and teams and for appellee's own services, it being shown that appellee had paid out of his own funds the amount of the claims for hired labor and teams, and no point is made of the manner of the presentation of those claims. The claim was allowed by the county court in the sum of $142.99, and the balance disallowed. An appeal was taken to the circuit court, where the entire claim was allowed, and the county has appealed from that judgment.

There is no material dispute as to the facts in the case. The roads of Franklin County are worked under the optional system of working roads set out in sections 7290 to 7323 of Kirby's Digest known as the "Cotton Road Law." At the July, 1914, term of the county court a meeting of all the road overseers in the county was called, and this meeting was attended by appellee. At this meeting each road overseer was advised of the amount of money in the county treasury to the credit of his district, and appellee was advised that there were $142.99 to the credit of his district, and each road overseer was directed not to expend any sum in excess of the amount in the treasury to the credit of his district.

The roads in District No. 24 were in such condition that they could not be properly worked with the said sum of $142.99, and appellee continued working said roads and repairing them until he had expended the full amount set out in the claim which he filed with the county court for allowance.

It is urged that the direction in the statute to road overseers to keep their roads in good condition contained, and was sufficient authority for appellee to incur the indebtedness evidenced by the items set out in the claim filed for allowance. But we do not agree with appellee in this contention. The direction to road overseers to keep their roads in good repair cannot be construed to confer upon the overseers the unlimited authority to incur any expense necessary for this purpose. This direction must be held to mean that he shall use all the facilities granted him by law for that purpose, and his actions must be governed by the law under which he operates.

This system of working the roads known as the Cotton Road Law is an optional system and does not obtain in any county unless that county shall, at the meeting of the county court for the purpose of levying taxes, make appropriate orders for putting this law into effect. Such order, when so made, stands only for a

period of twelve months, and unless this order is renewed at the following meeting the provisions of this Cotton Road Law are no longer effective, and the roads must thereafter be worked under the general road laws. Section 7314 of Kirby's Digest.

Section 7318 of Kirby's Digest is a part of the Cotton Road Law, and it is there provided that no contract shall be made by the county judge or county court for the building of bridges or repairing the same, or for working roads, until after the county court has levied the taxes for roads and bridges under this act for the ensuing year, and then not until an estimate shall be made of the amount of money that will be raised by such levy and collection for roads and bridges within twelve months of the date of levy, and all contracts made and to be made within one year from date of the levy of taxes, shall be in amount not to exceed the estimated levy. Section 7318 of Kirby's Digest.

The letter of this section is so plain that we need not inquire what the other provisions of the act are, to aid us in the construction of that section. But if such inquiry was made, it would be found, as we have shown by reference to section 7314 of Kirby's Digest, that this law can never be put in force for a longer period than twelve months, and that when the law has been put in force the order to that effect must be renewed annually, and the provisions of the law, thereafter, apply only during the period of time covered by such orders. Consequently no indebtedness should be made by a district which cannot be met during the year in which it was incurred and while the law is in operation. *Monroe County* v. *Brown,* 118 Ark. 524, 177 S. W. 43.

We conclude, therefore, that the road overseer had no authority to incur the indebtedness in excess of the district's revenues, and the judgment of the court below allowing this excess must be reversed and the cause will be remanded with directions to the court below to enter a judgment disallowing this excess.