## IZARD COUNTY v. VINCENNES BRIDGE Co.
### Opinion delivered March 13, 1916.

1. COUNTY COURTS—ALLOWANCE OF CLAIMS—REVIEW OF FORMER JUDGMENT.—A county court is not authorized to review its former judgments for mere errors in the allowance of claims, and it is only authorized to reject claims which have been illegally issued, or whose issuance has been procured by fraud.

2. COUNTY COURTS—ISSUANCE OF WARRANTS—RIGHT OF COUNTY TO REJECT—BRIDGE.—Where an appropriation was made for the building of a bridge, and commissioners appointed to construct the same, and where the bridge was constructed for an amount within the appropriation, and was accepted and used by the county, the county court was not without jurisdiction, in the first instance, to issue warrants for the claim, although the contract was not let at public auction as required by statute, and the claim of the contractor will not be defeated thereby, in the absence of any showing of fraud or collusion.

Appeal from Izard Circuit Court; *Z. M. Horton*, Special Judge; affirmed.

*Bradshaw, Rhoton & Helm,* for appellant.

1.  County courts are empowered to review all allowances made at previous terms, and if illegally made to reject warrants issued upon them, and also to reject warrants otherwise illegally or fraudulently issued. Kirby's Digest, § § 1175, 1179; 99 Ark. 173; 83 *Id.* 229; 33 *Id.* 740; 37 *Id.* 649, 532; 25 *Id.* 261; 33 *Id.* 788. This was a claim to be verified and submitted to the county court. Kirby's Digest, § 988.

2.  The contract for building the bridge was not let according to law and was void. Const. Art. 19, § 16; Kirby's Dig., § 555; 103 Ark. 288; 11 Cyc. 480-1; 54 Ark. 645; 13 L. R. A. 353.

3.  The court below held that an allowance once made can be reopened only by appeal. This is directly in conflict with our decisions. 98 Ark. 299; 87 *Id.* 406; 99 *Id.* 173. The county court is expressly authorized to call in and reject any warrants founded on claims illegally or fraudulently allowed. Cases *supra;* 4 Dillon, 209; 107 S. W. 536.

*McCaleb & Reeder,* for appellee.

1.  The county court can not cancel or reject warrants issued under an allowance at a previous term of court merely from an examination of the warrant itself. This examination would only disclose errors in issuing or forgeries. There must be some evidence before the court of illegality or fraud. Kirby's Dig., § 1179; 52 Ark. 502.

2.  The county court had authority to build the bridge by contract. The law was complied with; the bridge accepted and warrants issued in payment. There was no objection and no appeal. Mere irregularities or errors do not render the judgment void. 73 Ark. 523; 93 *Id.* 11; 102 *Id.* 277; 96 *Id.* 427; 38 *Id.* 557; 72 *Id.* 331. The allowance and judgment of the court was final. 38 Ark. 557; 72 *Id.* 331; 107 U. S. 356.

HART, J.  This is an appeal from the judgment of the circuit court denying the right of the county court to can-

cel certain warrants issued to appellee in payment for a bridge built by it across Piney Creek in Izard County.

The county court of Izard County at its January term, 1915, made an order calling in county warrants for redemption, cancellation, reissuance and classification. The warrants were ordered to be presented on the 19th day of April, 1915. On that date appellee presented warrants of the aggregate value of $720 for approval and reissuance. Accompanying the same was appellee's affidavit to the effect that the warrants presented were issued by order of the county court of Izard County in payment of the fulfillment of a *bona fide* contract made and entered into between said county and appellee on the 20th of March, 1913, for the construction of a bridge across Piney Creek in said county. The said contract was not on file in the office of the county clerk in Izard County.

The county court entered an order reciting that it had thoroughly examined the warrants and found that none of them was a just and legal evidence of indebtedness against Izard County. From the order rejecting them, appellee prosecuted an appeal to the circuit court. There Izard County filed an answer in which it admitted that the levying court of said county at its October term, 1912, made an appropriation of the sum of $1,000 for the purpose of building a bridge across Piney Creek and appointed commissioners to erect said bridge. It further admitted that the county court records show that the plans of said bridge were submitted to and adopted by the court but avers that no specifications of said bridge was submitted to and approved by the county court. It further alleged that the contract to build the bridge was not let at public outcry by the county court as required by the statute.

The circuit court found that the warrants attempted to be cancelled were issued on orders of the county court on matters of which it had jurisdiction and that no appeal was taken therefrom; that neither the county court nor the circuit court on appeal had any right or authority to

cancel said warrants.  Whereupon an order was entered reversing and setting aside the judgment of the county court, cancelling the said warrants and ordering the county court to reissue said warrants as required by the statute.  Izard County has appealed to this court.

In the case of *Monroe County* v. *Brown,* 118 Ark. 524, this court held that a proceeding under Kirby's Digest, section 1175, authorizing the county court to call in outstanding warrants to redeem, cancel, or reclassify them, is a direct and not a collateral attack on the judgment. The court further held that only those warrants may be rejected, which could not have been valid claims against the county or where the judgment of allowance was obtained by fraud.  In discussing the question, the court said, "The statute is not construed to mean that the county court is authorized to review former judgments of the court for mere errors in allowance of claims, but they are authorized to reject claims which have been illegally or fraudulently issued.  In other words, where the claim against the county was one which, under any evidence which might have been adduced, could not have been a valid claim against the county, or where the judgment of allowance was obtained by fraud practiced, it may be set aside and warrants issued pursuant thereto, cancelled.  However, to carry the review beyond that and to permit investigations for mere errors of the court, would make it purely a collateral attack on the judgment, which is not authorized by the statute.  This distinction is illustrated by our two decisions in *State* v. *Perkins,* 101 Ark. 358, and *Fuller* v. *State, for use of Craighead County,* 112 Ark. 91.  In the former case we held that there could be no review of a judgment of the county court adjusting the settlement of a collector merely because there had been an error discovered in the amount of commissions allowed; but in the last cited case we held that there could be a review where the court allowed commissions which were wholly unauthorized by the statute, as such an allowance constituted fraud in law.

The record shows that an appropriation was made for the building of the bridge and commissioners appointed to construct the same. The bridge was constructed for an amount within the appropriation and was accepted and used by the county. This is conceded by counsel for the county, but they contended that the warrants should be cancelled because the contract for the construction of a bridge was not let at public auction as required by statute.

Under this state of the record we do not think that the county court in the first instance was without jurisdiction to issue warrants for the claim. As we have already seen, the county court is not authorized to review its former judgments for mere errors in the allowance of claims, but it is only authorized to reject claims which have been illegally issued, or whose issuance has been procured by fraud.

An appropriation was made by the levying court for building the bridge. The county court let the contract and had the bridge built. After it was constructed it accepted the bridge and allowed the public to use it and it could not thus get the benefit of the work and labor of appellee and still defeat the claim for compensation upon the ground that the contract to construct the bridge was not let at public auction. See *Howard County* v. *Lambright,* 72 Ark. 330; *Watkins* v. *Stough,* 103 Ark. 468. In any event it could not be considered that the action of the county court in issuing the warrants under the circumstances related was illegal and without jurisdiction. There is no allegation that there was any fraud or collusion between the county judge and the appellee in regard to the contract for the construction of the bridge.

It follows that the judgment must be affirmed.