## A. L. GREENBERG IRON COMPANY *v.* WOOD.

### Opinion delivered May 15, 1922.

1.  COUNTIES—COUNTY ROAD WARRANTS SUBJECT TO CALL.—Crawford & Moses' Dig., § § 1994, 1995, authorizing the county court to call in outstanding warrants for cancellation and reissuance, apply to county road warrants, though the statute was passed before the constitutional amendment providing for a road tax was adopted.

2.  COUNTIES—ORDER CALLING IN WARRANTS.—County warrants on their face redeemable in the future, where issued for supplies already furnished, are payable on demand, and are subject to an order calling in outstanding warrants for cancellation and reissuance.

Appeal from Calhoun Circuit Court; *C. W. Smith,* Judge; affirmed.

### STATEMENT OF FACTS.

A. L. Greenberg Iron Company filed a petition in the circuit court against N. N. Wood, as treasurer of Calhoun County, Ark., to compel the payment of a warrant for the sum of $1,300.

It appears from the record that the A. L. Greenberg Iron Company furnished certain road drags and materials for culverts to Calhoun County, and on the 3rd day of August, 1914, the county court ordered warrants issued in payment of the same. One of these warrants was for $1,300 payable June 1, 1918, out of the money in the county treasury to the credit of the general road fund. The levying court at its October term, 1918, appropriated one mill on the dollar of the entire road tax for the general road fund. On August 21, 1919, when the warrant was presented to the county treasurer for payment, there were sufficient funds in the county treasury to the credit of the general road fund for the payment of the warrant, but payment was refused because the warrant had not been presented for cancellation and re-issuance as required by law. On the 17th day of October, 1917, the county court had made an order providing for the cancellation of all county and road warrants which should not be presented for re-issuance in the manner provided by the statute. The statute was in all things complied with, but said warrant was not presented to the county court for cancellation and re-issuance as required by said order.

The orders of the Calhoun County Court pertaining to the calling in of said warrants and the publication of the notice prescribed by the statute are regular on their face, and the statutory requirements were in all essential respects complied with.

The circuit court denied the writ of mandamus, and from the judgment rendered A. L. Greenberg Iron Company has duly prosecuted an appeal to this court.

*J. S. McKnight* and *Coleman, Robinson & House,* for appellant.

The authority to call in warrants for cancellation and reissuance (secs. 1994-1996, C. & M. Digest) applies only to warrants issued for county purposes, and does not include road funds, the levy for which was authorized long after authority to reissue warrants was given. See C. & M. Dig., § 5940. The warrant could not be barred until it became due and payable.

The county having accepted and used the machinery should be required to pay therefor under the doctrine in 136 Ark. 209; 87 Ark. 389; 72 Ark. 330.

*A. D. Pope,* for appellee.

The warrant was not drawn upon any road district but was payable out of the general road fund of the county, and was therefore a county warrant.

The statute was strictly complied with in the order calling in the warrants. 129 Ark. 207.

HART, J., (after stating the facts). Sec. 1994 of Crawford & Moses' Digest provides that whenever the county court may deem it expedient to call in the outstanding warrants of his county, in order to redeem, cancel, reissue or classify them, or for any lawful purpose whatever, it shall be the duty of said court to make an order for that purpose, fixing the time for presentation, etc.

Section 1995 provides for the giving of notice in such cases. It is conceded that the statute was complied with in making the order and giving the notice. The sole ground of reversal is that road warrants do not come within the provisions of the statute.

We cannot agree with counsel in this contention. As said in *Parsel* v. *Barnes & Bro.,* 25 Ark. 265, there can be no question but that the Legislature intended to give the county courts such control over the warrants of the county as would enable them to take such action as would be most advantageous to the public, and fully intended that

all county scrip issued thereafter should be subject to such conditions and restrictions.

The county road warrants come as clearly within the language used in the statute as any other county warrants. The language of the statute does not restrict the warrants to those payable out of the general revenue fund.

It is true that the statute providing for the calling in of the warrants by the county court was passed before the amendment of the Constitution providing for a road tax, if voted by a majority of the qualified electors of a county; but the language of the statute is broad enough to include county warrants which might come within its provisions any time in the future.

This construction has already been placed upon the statute by the court in *Monroe County* v. *Brown*, 118 Ark. 425, and *Izard County* v. *Vincennes Bridge Co.*, 122 Ark. 557. In each of these cases road warrants were recognized as coming within the provisions of the statute and as being subject to reissuance and cancellation under it.

Again, it is contended that the judgment of the circuit court is wrong because the warrants were not due at the time the order for calling in outstanding county warrants for cancellation and reissuance was made. The record shows that the "calling in" order of the county court was made on the 17th day of October, 1917, and the warrant provides on its face that it is to be redeemed July 10, 1918, but not before.

In *Gould* v. *Davis*, 133 Ark. 90, the court held unconstitutional a statute providing that Garland County might issue warrants payable in the future. The court said that county warrants are orders on the county treasurer to pay certain moneys on account of the county. The object of the statute in that case was to pay certain holders of county warrants a sum equal to a stipulated rate of interest for their forbearance in presenting the warrants for payment. The court held that this could not be done, and that the county court exceeds its power when

it undertakes to issue warrants payable in the future as a substitute for interest.

It does not appear whether or not the warrant in question was for a greater amount than the county owed and was made payable in the future so as to include interest, but this does not make any difference. The warrant in question was issued for supplies that had already been furnished, and indeed the warrant, being an order on the treasury to pay money on account of the county, could not be issued until the county owed the debt, and it was payable on demand.

It follows that the judgment should be affirmed.