## WILKES *v.* BANK OF AUGUSTA & TRUST COMPANY.

### Opinion delivered April 7, 1924.

COUNTIES—CALLING IN WARRANTS—ROAD DISTRICT WARRANTS.—County warrants issued by the county court and payable out of the road fund apportioned to a certain road district, are within the contemplation of Crawford & Moses' Dig., § 1994, providing for the calling in of county warrants, and are barred unless presented within the designated time.

Appeal from Woodruff Circuit Court, Northern District; *E. D. Robertson,* Judge; reversed.

*W. J. Dungan,* for appellant.

Road warrants are county warrants within the meaning of the statute providing for the calling in and canceling county warrants. C. & M. Digest, § 1994.

*J. F. Summers,* for appellee.

Has the county court authority to call in for reissuance, etc., warrants against road districts of a county where, by law, all political townships are separate road districts, and where funds collected for road purposes on property in those districts are deposited to the credit of the respective road districts and expended on the roads in such districts? Under this state of facts, the statute authorizing the calling in of *county warrants* does not

include warrants issued against *road districts,* and not against the *county.* Where the court has held that road warrants came within the purview of the statute, C. & M. Digest, § 1994, it has been in cases where the road warrants were issued against the county. 118 Ark. 425; 122 Ark. 557; 153 Ark. 371; 25 Ark. 265. But see C. & M. Digest, § 5490; act No. 370, Acts 1911, p. 1065, constituting each political township in Woodruff County a road district; this court's definition of a county warrant, 133 Ark. 90; 153 Ark. 371. See also 80 Ark. 62. The statute authorizing calling in county warrants is strictly construed. 87 Ark. 406; 72 Ark. 394; 51 Ark. 34; C. & M. Digest, § 1999. Mandamus was the proper remedy. 33 Ark. 450.

McCULLOCH, C. J. The county court made an order calling in county warrants for cancellation or reissue, pursuant to the terms of the statute. Crawford & Moses' Digest, § 1994. No question is raised as to the regularity of the call and strict compliance with the provisions of the statute, but the point of the present case is whether or not warrants drawn on the road fund fall within the class to which the statute authorizing the calling in of warrants refers.

In Woodruff County the political townships are made road districts by special statute. Acts 1911, p. 1025. The general statutes of the State provide that, in the collection of the tax levied pursuant to the Constitution authorizing such a tax, the collector shall keep the taxes collected on the property of each of the road districts separate, and pay the same into the county treasury "as so much money paid in to the credit of such districts on account of roads and bridges." Crawford & Moses' Digest, § 5490. Other sections provide for the appropriation of road funds by the quorum court and the apportionment thereof to the different districts. Crawford & Moses' Digest, §§ 5495, 5486.

Appellee is the holder of a warrant issued by the county court on the treasurer of the county, payable out of the road fund apportioned to a certain district (a

warrant which had not been presented for reissuance in response to the call), and this warrant was presented to appellant, as tax collector of the county, in payment of road tax, and, upon the refusal of the collector to accept said warrant, appellee brought this action to compel the acceptance of the warrant. The circuit court granted the relief, and the collector has appealed.

This court has already decided that road warrants are "county warrants" within the meaning of the statute *supra*, which authorizes the calling in of warrants. *Monroe County* v. *Brown,* 118 Ark. 524; *Izard County* v. *Vincennes Bridge Co.,* 122 Ark. 557; *A. L. Greenberg Iron Co.* v. *Wood,* 153 Ark. 371.

Counsel for appellee seek to distinguish the present case from the cases cited above on the ground that in Woodruff County each political township is a road district, and that, when the road funds are apportioned under the statute to the several road districts, they become district funds, and not county funds. We are unable to find any point in which the cases can be distinguished from the present one. In the other cases cited there was not involved any statute making a political township a separate road district, but the general statute *supra* was in force, which provides for the apportionment of road funds among the several road districts, and we decided in those cases that the statute authorizing the calling in of warrants included road warrants. In the first two cases cited above we did not expressly decide the point now raised, for the reason that it was not presented, but, in each of the cases, road warrants were involved, and we decided that the statute applied to them. In the last case cited (*A. L. Greenberg Iron Co.* v. *Wood*), the point involved now was expressly decided adversely to the contention of counsel for appellee in this case.

It follows that the circuit court erred in awarding the mandamus, and the judgment is reversed, and the cause dismissed.