U. S. Sanitary Specialty ·Corporation *v.* Pike County.

4-4961

Opinion delivered February 28, 1938.

*Alfred Featherston,* for appellant.

*Tom Kidd,* for appellee.

McHaney, J.   On October 16, 1934, pursuant to the order of the county court, the county clerk issued and delivered to appellant, in payment of certain sanitary supplies and disinfectants sold and delivered to Pike county by it, a warrant in the sum of $500, payable "out of any money in the treasury to the credit of the Highway Fund."

There was a change of administration in the office of the county judge of Pike county on January 1, 1935, and on April 15, 1935, the county court made and entered an order calling in for cancellation, re-issue, classification and registration, all county warrants, and all county highway warrants issued and outstanding on and prior to December 31, 1934, to be presented on or before 12 o'clock noon of August 5, 1935. Appellant filed its above mentioned warrant, pursuant to said order, and on August 5, 1935, said court made and entered an order canceling said warrant, from which there was no appeal. About one year and four months later, on December 11, 1936, appellant filed in the circuit court its petition for

certiorari to the county court, to quash the order of said court canceling said warrant. To this petition a demurrer was interposed and sustained, and appellant having declined to plead further, same was dismissed. Judgment was entered accordingly.

For a reversal of this judgment, appellant says: "The only question presented to this court by this case of any moment is, 'Does the county court have power to call in warrants issued against or payable from the County Highway turnback fund?'" It is insisted that the county highway fund is not in reality a county fund, but is a fund derived from the state, a mere gratuity to the counties from the gas and oil tax levied by the state, commonly called the "County Turnback" fund, and, that a warrant drawn on such fund is not, therefore, subject to the provisions of § 2540 of Pope's Digest relating to the calling in of the "outstanding warrants of said county," for cancellation, etc.

Conceding without deciding that certiorari was the appropriate remedy, the right of appeal not having been availed of, we cannot agree with appellant in this contention. The warrant in question was drawn on the "Highway Fund." Whether that fund was composed entirely of the "turnback" or whether it and other funds made up the "Highway Fund" is not disclosed. But in any event, it is paid out on the order of the county court on county warrants and we think this is sufficient to bring it within the provisions of the statute. We have many times held that road warrants are county warrants within the meaning of the statute. *Monroe County* v. *Brown*, 118 Ark. 524, 177 S. W. 40; *Izard County* v. *Vincennes Bridge Co.*, 122 Ark. 557, 184 S. W. 67; *A. L. Greenberg Iron Co.* v. *Wood*, 153 Ark. 371, 240 S. W. 1074. In *Monroe County* v. *Brown, supra,* we said: "The effect of our previous decisions, therefore, is to hold that a proceeding of this kind by the county court reviewing its orders of allowance rendered at former terms, does not constitute a collateral attack upon these judgments, but that it is a direct attack. The statute empowers the county court to reject warrants ille-

gally or fraudulently issued, and this necessarily gives the power to determine what warrants fall within that class. The statute is not construed to mean that the county court is authorized to review former judgments of the court for mere errors in the allowance of claims, but they are authorized to reject claims which have been illegally or fraudulently issued. In other words, where the claim against the county was one which, under any evidence which might have been adduced, could not have been a valid claim against the county, or where the judgment of allowance was obtained by fraud, it may be set aside and warrants issued pursuant thereto cancelled. However, to carry the review beyond that and to permit investigations for mere errors of the court, would make it purely a collateral attack on the judgment, which is not authorized by the statute.''

Here the warrant shows on its face that it is illegal, because drawn on a fund which could not legally be diverted to the payment of appellant's debt. Act 48 of 1933 amends act 63 of 1931 and dedicates the county turnback funds to certain purposes therein set out. Section 4, paragraph (1), reads as follows: ''It is hereby declared that the specific purposes of this act are:

''[1] To so amend and repeal existing laws as to insure adequate aid for the construction of permanent roads constituting school bus routes, rural mail routes, United States mail routes, and farm-to-market roads in the various counties because such construction is greatly needed by school patrons, their children, and the citizenship throughout the state, and to further assure that the gasoline tax apportioned to the various counties under the provisions of said act 63 of the Acts of 1931 will be used for such purposes, all county courts, and the judges thereof, hereby are prohibited from transferring said tax or any part thereof by court order or in any other manner to any other fund to be used for any purpose whatsoever other than for the purposes stated in this act and any other proper county road uses, provided, however, the gasoline tax apportioned to the various counties under the provisions of said act 63 of the Acts of

1931 shall be subjected first to the payment of warrants heretofore issued against said fund and now outstanding and unpaid.''

The warrant being illegal, because drawn on the wrong fund, was, therefore, subject to cancellation. But if appellant has a' valid claim against appellee, and we assume that it has since it was allowed and ordered paid, but out of the wrong fund, we affirm the judgment of the trial court, without prejudice to its right to pursue any other remedy it may have for the collection of its claim against the county.