LEATHEM & CO. v. JACKSON COUNTY.

Opinion delivered January 24, 1916.

1. COUNTY COURTS—RATIFICATION OF UNAUTHORIZED CONTRACT.—The county court may ratify an unauthorized contract, made in behalf of the county, if the contract is one the county could have made in the first instance.

2. COUNTY COURTS—JURISDICTION IN COUNTY AFFAIRS.—Under article 7, section 28, Const. of 1874, the county courts have exclusive original jurisdiction in all matters necessary to the internal improvement and local concerns of the counties.

3. COUNTY COURTS—AUDIT OF ACCOUNTS OF COUNTY OFFICERS.—The county court has jurisdiction, and it is its duty to audit the accounts of the officers of the county named in the statute, and if found correct, to approve them, and if not, to cause them to be corrected.

4. COUNTY COURTS—AUDIT OF ACCOUNTS OF COUNTY OFFICERS—AUTHORITY.—The county court, being the general fiscal agent of the county, is possessed of a supervisory power over the collection and preservation of its funds, and it has the implied power to employ an expert accountant to audit the official accounts and public records of county officers.

5. COUNTY COURTS—AUDIT OF COUNTY BOOKS—AUTHORITY OF CIRCUIT COURT.—County courts, having authority under the Constitution to employ an accountant to audit the books of county officers, the right was not abridged by the enactment of chapter 22 of Kirby's Digest, empowering the circuit courts to appoint three commissioners of accounts for each county, to examine the books of the county officers and report their findings to the circuit court.

6. COUNTY COURTS — ADMINISTRATIVE ACTS — RATIFICATION.—When a county court is authorized to do an act purely administrative in its character, such as make a contract, it may also ratify such act, when done by the county judge in vacation and thereby bind the county as effectively as if the contract was made by the county court in the first instance.

Appeal from Jackson Circuit Court; *Dene H. Coleman*, Judge; reversed.

*Jno. W. & Jos. M. Stayton*, for appellants.

1. The county court had authority to make the contract. Art. 7, § 28, Const.; Kirby's Digest, § 1375; Acts 1909, p. 902 amending section 1499, Kirby's Dig.; Kirby's Dig., § § 7162-7167-7174, 1470 to 1483; 31 Ark. 571. The county court is the forum where the liability of all officers is settled and the direction of payment of all demands against the county is finally adjudicated. 14 Ark. 170; 22 *Id.* 236; 24 *Id.* 551; 44 *Id.* 225; 47 *Id.* 80; 52 *Id.* 362.

2. The duties of commissioners of accounts is defined by section 652 *et seq.*, Kirby's Digest; and it is the duty of the county judge to pass upon the correctness of their findings and audit. Acts 1883 as amended Kirby's Dig., § 640. The county court may cure all informalities in procedure by ratification. 46 Pac. 6; 114 Cal. 207. The appropriation for *county court purposes* was *made by the quorum* court and the allowance herein falls within this class. An appropriation was made; the court is not prohibited from allowing claims in excess of an appropriation. Const. Art. 16, § 12; Kirby's Dig., § 1502; 93 Ark. 14; 34 *Id.* 356; 36 *Id.* 646; 54 *Id.* 657; 34 *Id.* 310; 112 S. W. 979; 144 *Id.* 1198. Certain incidental powers germane to authorities and duties expressly delegated may always be exercised. 7 A. & E. Enc. Law (2 ed.),

987-9 and cases cited; 138 S. W. 79-81; 161 Id. 203; 175 Ill. App. 290.

3. A county board may contract for investigation of the books, etc., though there had been former investigations. 60 N. E. 948; 101 Ind. 403; 103 N. E. 100; 114 Cal. 419; 46 Pac. 292. Under Art. 7, § 28, Const. and section 1375 Kirby's Dig. the court had authority to make or hire an audit of the records, settlements, etc., of county officers, and an appropriation having been made the county is liable although the appropriation was exhausted. Kirby's Dig., § 640 and authorities *supra.*

*Otis W. Scarborough and Campbell & Suits,* for appellee.

1. The county judge had no authority to make the contract in vacation. 71 Ark. 226; 75 Id. 420; 86 Id. 596; 89 Id. 86; 103 Id. 571. He was not a *court* nor the county court. 2 Ark. 229; 11 Cyc. 652, 656.

2. The county court had no jurisdiction to make the contract. Const. Art. 7, § 11; 34 Ark. 188; 68 Ark. 555; 116 Ark. 65.

3. No appropriation was previously made for such an expense. Const. Art. 16, § 12; Kirby's Dig., § 1502; 53 Ark. 287; 61 Id. 74; 93 Id. 336; 83 Id. 275. Nor had the court any authority to make such an appropriation. 114 Ark. 278; Acts 1911, p. 21-22. The law provides for "Commissioners of Accounts" to do the work contracted for. Kirby's Dig., Ch. 22, § 625. Also the law provides for the grand jury to audit the books of the county. Kirby's Dig., § 2200. The law having cast the duty on the commissioners and grand jury the court had no authority to employ Leathem. 119 Ark. 567.

4. The county court had no authority to delegate its authority to audit. 17 N. W. 938; 52 Mich. 340; 25 N. E. 283; 125 Ind. 258; 73 N. W. 456; 53 Neb. 113; 98 N. W. 619; 123 Iowa 559; 83 N. E. 790; 181 Fed. 49; 104 C. C. A. 63.

HART, J. The county judge of Jackson County employed appellants as expert accountants to examine the books and accounts of certain officers of said county at an

agreed price. Subsequently the county court entered of record an order ratifying the employment of appellants and stating the reasons therefor. Appellants performed services under the contract in a satisfactory manner and presented to the county court a demand for $500 to be applied on their contract. A tax payer of the county filed a remonstrance. The county court made an order allowing the claim of appellants and an appeal was taken to the circuit court. The circuit court held that there was no authority in law for the county court to make the contract with appellants; that the contract as made was void; and that the order ratifying it was also void. The allowance made to appellants was set aside and the order of the county court ratifying the contract was also set aside. From the judgment rendered appellants have duly prosecuted an appeal to this court. ·

(1) It will be noted that the county judge first made the contract with appellants. The county court subsequently entered of record an order ratifying the contract and setting forth the reasons which caused the court to make the contract. The county may, like an individual, ratify an unauthorized contract made in its behalf if it is one the county could have made in the first instance. Such ratification will be equivalent to original authority. Second Dill. Mun. Corp. (5 ed.), section 797; *Steiner* v. *Polk County,* (Ore.) 66 Pac. 707; *Cunningham* v. *Saling,* 57 Ore. 517, 37 L. R. A. (N. S.) 1051.

The county court set forth at length in the order entered of record its reasons for making the contract with appellants. The county judge also testified at the trial of the case and gave at length his reasons therefor. It is not claimed or proved that the county court acted arbitrarily or capriciously in making the contract with appellants; nor was it claimed or proved that the contract was the result of fraud on the part of the county judge or collusion between him and appellants. The sole ground on which the contract and allowance was attacked was that the county judge was without authority to make the same. For this reason it will not be necessary to set out

the reasons given by the county judge for making the contract.

A board of county commissioners or supervisors ordinarily exercises the corporate power of the county. Such boards are in a sense the representative and guardian of the county, having the management and control of its property and financial interests and having original and exclusive jurisdiction over all matters pertaining to the county affairs. 11 Cyc. 388-9.

(2) By the Constitution of 1874 the county courts were made successors and continuations of the former boards of supervisors of the county and were given exclusive original jurisdiction in all matters necessary to the internal improvement and local concerns of their respective counties. *Dodson et al.* v. *Mayor and Town Council, Fort Smith,* 33 Ark. 508; *Worthen* v. *Roots,* 34 Ark. 356.

Article 7, section 28, of our Constitution reads as follows:

"The county courts shall have exclusive original jurisdiction in all matters relating to county taxes, roads, bridges, * * * the disbursement of money for county purposes and in every other case that may be necessary to the internal improvement and local concerns of the respective counties * * *."

Section 1375 of Kirby's Digest, is as follows:

"The county court of each county shall have the following powers and jurisdictions: Exclusive original jurisdiction in all matters relating to county taxes * * * to audit, settle and direct the payment of all demands against the county * * * to disburse money for county purposes, and in all other cases that may be necessary to the internal improvement and local concerns of the respective counties."

Section 7162 of Kirby's Digest provides that all collectors, sheriffs, clerks, constables and other persons chargeable with moneys belonging to any county shall render their accounts and settle with the county court at each regular session thereof.

Section 7167 of Kirby's Digest provides that if any of the officers thus chargeable shall neglect to render their accounts or settle as aforesaid, the county court shall adjust the accounts for such delinquent, according to the best information that can be obtained and ascertain the balance due the county.

Section 7171 of Kirby's Digest provides that upon good cause being shown for setting aside such settlements the county court may re-examine, settle and adjust the same.

Section 7174 of Kirby's Digest provides that whenever any error shall be discovered in the settlement of any county officer made with the county court, it shall be the duty of the county court at any time within two years from the date of such settlement to reconsider and adjust the same.

Sections 1162 and 1163 of Kirby's Digest provide for settlement by the county treasurer with the county court.

(3)  Thus it will be seen that, under our Constitution and laws, the county court had jurisdiction and it was its duty to audit the accounts presented by its officers named in the statute for settlement and if found correct to approve them, and if not, to cause them to be corrected.

Under the sections of the Constitution and statutes to which we have just referred the state of officers' accounts belong properly to the jurisdiction of the county court and their correctness was a proper subject of inquiry.  Counsel for appellee concede that the county court represents the county and that if it conceived it to be necessary to make a detailed investigation of the official affairs of the county and to overhaul and restate the accounts of its various officers, it has the power to do so; but they insist that the employment of an expert accountant by the county court to make such investigation is a delegation of authority and that there is no law authorizing the county court to delegate its power in this respect to another.

(4)   Counsel for appellants have cited decisions from several states to the effect that where the county court is the general fiscal agent of the county and is possessed of a supervisory power over the collection and preservation of its funds it has implied power to employ an expert accountant to audit the official accounts and public records of county officers.   In *Duncan* v. *Lawrence County,* 101 Ind. 403, commissioners—who in that state correspond to our county courts—employed an expert accountant to examine and report on the accounts of the treasurer of the county and the accountant having done the work asked payment for his services.   It was held that the commissioners had full authority with reference to the adjustment of the accounts of public officials and as an incident thereto to employ an accountant. The grounds of this decision were that the statute of that State in cases of indispensable public necessity authorizes the making of such a contract.

In the case of *Garrigus* v. *Board of Commissioners of Howard County,* 157 Ind. 103, 60 N. E. 948, it was contended that the title to the Indiana act was insufficient, that the act was, therefore, unconstitutional, and that the county board had no inherent authority to enter into the contract.   The Supreme Court held the act valid, and, further, that if this was error the board had very full powers to enter into contracts for the benefit of the property of the county and that these powers were amply sufficient to sustain the contract.

The claim was made there that the board could not delegate the performance of its duty to others and the court in overruling the contention, said:

"The complaint averred that 'the existence of these claims, and each item thereof, could be ascertained only by long, laborious, and careful search of experts.' Such a search was not that of 'auditing accounts of officers,' which the statute imposed upon the board.   It was plainly a duty the board could not perform, but one which, from its nature, must be committed to others.   The employment of the expert accountants for the purposes named

in the agreement did not involve any abandonment or delegation of the official powers and duties of the board. The proceedings of the accountants were at all times subject to the supervision and control of the board, and the persons so empowered were mere agents and servants of the county."

See also *Bd. Commrs. Perry County* v. *Gardner,* 155 Ind. 165, 57 N. E. 908; and *Lockyear* v. *Board of Commissioners of Spencer County* (Ind.), 103 N. E. 100.

The statutes of Kentucky give the fiscal court jurisdiction "to regulate and control fiscal affairs and property of the county," and the Court of Appeals of that State held that the statute authorized the court to contract for the employment of an accountant for the purpose of investigating the affairs of the county officers. *Taylor* v. *Riney,* 161 S. W. 203. The court there said:

"The fiscal court is charged by the statute with the duty of looking after the fiscal affairs of the county, and this puts upon it the responsibility that attaches to any other business body, and, if it could not, when the occasion seemed to demand it, have an investigation made of the books, and accounts, and records of any one or more of the officers, agents, or employees of the county who have the control of or right to receive or pay out the funds of the county, the court could not, in any proper manner, perform the duty required of it in the management of the fiscal affairs of the county. There is scarcely a business institution in the State of any magnitude that does not have its books examined by some skilled accountant, and there are many good reasons why the fiscal court should be permitted to exercise this character of supervision over the persons charged with the collection or expenditure of the public funds."

In the case of *Blades* v. *Hawkins,* 240 Mo. 187, 144 S. W. 1198, 27 Am. & Eng. Ann. Cas. 1082, the court said that the statute of Missouri contained no grant of authority to the county court to employ an expert to audit and examine the books and accounts of the county and its officers; that if this authority existed it was because the law implied it as essential to the due exercise of powers

specifically vested in the county court by statute, or the performance of a duty specifically required of said tribunals. The court further said that in determining whether or not the county court had authority to employ such expert it must call to mind the duties of such a court.

There, as here, the county court is the general fiscal agent of the county and is possessed of a supervisory power over the collection and preservation of its funds. There, as here, various officials are required to report to and make settlements with the county court. The Missouri statutes contain provisions similar to our own in making it the duty of the county courts to adjust the accounts of delinquent officials and to ascertain the balance due the county. The court, after mentioning these statutes, said:

"The various provisions of the statutes demonstrate that it is not only within the power, but is the duty, of the county court to look after public funds, examine and investigate the accounts of the different officials and other persons, enforce the collection of money due the county, and order suits to be brought on the bonds of delinquents. In short, responsibility for the safety of public moneys, the accuracy and honesty of the accounts and settlements of officials, and the collection of defalcations, is imposed on county courts. The question for decision is whether the express delegation of those powers and duties by the Legislature carried with it the authority to employ an expert to look over books and documents in order to ascertain whether officials and other persons chargeable with public moneys had rendered correct and faithful accounts, and had made just settlements with the court. In our opinion this question ought to be answered in the affirmative. While it is true the law is strict in limiting the authority of these courts, it never has been held that they have no authority except what the statutes confer in so many words. The universal doctrine is that certain incidental powers germane to the authorities and duties expressly delegated, and indispensable to their perform-

ance, may be exercised.    7 Am. & Eng. Enc. of Law (2 ed.) 987, 989, and cases cited in the notes."

See also *Donlevy* v. *Sims,* 175 Ill. App. 290; *Harris* v. *Gibbins,* 114 Cal. 419, 46 Pac. 292.

We regard the cases cited as squarely in point and approve the reasoning quoted from the opinions and for that reason it is not necessary to repeat what has been said on the subject.

We are not without authority on the subject in our own court.    In the case of *Lee County* v. *Abrahams,* 31 Ark. 571, the court held that if the circuit court neglected to require the clerk of the circuit court to render an account during his term of office, the county court may, under its general jurisdiction, force him to settle.    The court said: "But if the circuit court neglected to rule him to report during his whole term of office, we see no reason why the county court, having original jurisdiction in matters relating to county taxes, etc., might not force him to a settlement," citing Miller's Dig., section 214.

That section of Miller's Digest is section 22, chapter 41, of the revised statutes and is the same as section 7167 of Kirby's Digest.

In that case the county court employed a special attorney to examine the reports and settlements of all the county officers who were required by law to make a settlement with the county court of all funds in their hands belonging to the county and to report all delinquents. The report of the special attorney is copied in the opinion and shows that he performed such services as are usually performed by an expert accountant.    It is true there is no express adjudication in that case of the right of the county court to employ a special attorney or expert accountant to audit the accounts of the county officers, but the question was not there raised.    And the court by its silence recognized the authority of the county court to make the employment.

In the case of *Oglesby* v. *Fort Smith District of Sebastian County,* 119 Ark. 567, 179 S. W. 178, we held that the county court has the power in proper cases to employ

counsel other than the prosecuting attorney to represent the county in civil suits in which the county is interested. In that case we recognized that county courts can only exercise such powers and rights as are clearly granted by the language of the Constitution or acts conferring them, or such as are derived therefrom by necessary implication. If the county court in its discretion had the inherent power to employ an attorney to represent the interests of the county in a proper case, we do not see why it should not also have the power to employ an expert accountant when it becomes necessary for the best interests of the county to do so.

(5) Finally it is insisted that the court was without authority because under chapter 22 of Kirby's Digest the circuit court is empowered to appoint three commissioners of accounts for each county whose duty it shall be to examine the books of the county officers and report their findings to the circuit court. If we are correct in holding that under our Constitution and statutes the county court had the inherent power to make the contract under consideration, it is obvious that that power could not be taken away by granting similar powers to another court. Chapter 22 of Kirby's Digest was first passed in 1885, which was subsequent to the passage of the acts above referred to and discussed.

The evident purpose of the Legislature in enacting chapter 22 of Kirby's Digest was to aid in the enforcement of the criminal laws of the State. Neither the circuit court nor the grand jury had any inherent power in the matter but only had such power as was conferred upon them by the statute. The circuit courts could only act pursuant to the authority given them by the statute and are limited in the exercise of such power by the words of the statute. It is manifest that the Legislature by the passage of chapter 22 of Kirby's Digest did not intend to take away any of the powers of the county court with regard to the settlement and adjustment of the accounts of the county officers and we are of the opinion that chapter 22 did not have that effect.

It is not contended that the county court abused its discretion in making the contracts in question.

It therefore follows from what we have said that the circuit court erred in refusing to allow the claim of appellants and in setting aside the order of the county court making the contract with them. For the error the judgment will be reversed and the cause remanded with directions to render judgment in favor of appellants.