### GREENBERG IRON CO. *v.* DIXON.

### Opinion delivered February 19, 1917.

1. COUNTIES—BRIDGE BUILDING—APPROPRIATION.—If the levying court of any county appropriates any sum for bridge building, their act indicates their judgment that the work be done, and the county court, in contracting for the construction of bridges, is not limited to the amount appropriated.

2. COUNTIES—CONSTRUCTION OF BRIDGE—REFUSAL TO ISSUE WARRANT. A county court issued a warrant in payment for the construction of a certain bridge, and after calling in county warrants, refused to re-issue this one. *Held*, the record not showing that no contract for bridge building had been made, that the county court could not thereafter refuse to re-sisue the warrant.

3. COUNTY COURTS—CALLING IN AND RE-ISSUING WARRANTS.—The county court is not authorized to review its former judgments for mere errors in the allowance of claims, but can only reject those warrants which have been illegally or fraudulently issued.

4. COUNTIES—USE OF ROAD TAX.—The county court may use road funds in the construction of a bridge in a city, in conjunction with the city authorities.

5. COUNTY COURTS—RATIFICATION OF UNAUTHORIZED ACT OF COUNTY JUDGE.—The county court may ratify an unauthoried contract made by the county judge in behalf of the county, if the contract is one which the court could have made in the first instance.

Appeal from Benton Circuit Court, *J. S. Maples*, Judge; reversed.

*Lindsey & Lindsey* and *Walker & Walker*, for appellant.

1. The court erred in its refusal to declare the law as requested by appellant. The allowance by the

county judge and court is a judgment and no appeal was taken.    33 Ark. 793; 22 *Id.* 595; 37 *Id.* 595; *Ib.* 654; Kirby's Digest, § 1487.

2.    Where a contract is made by the county judge and later a warrant is issued, the contract is ratified and binds the county.    107 U. S. 355; 72 Ark. 330; 38 *Id.* 557; 96 U. S. 341-350; 122 Ark. 502.

3.    Defendant has fulfilled his contract in good faith; the material has been furnished and the bridge built and accepted by the court and the bridge is being used by the public.    The warrant was properly issued and should have been reissued.

*McGill & Lindsey,* for appellee.
1.    No appropriation had been made to build county bridges by the county court.    77 Ark. 330; 61 *Id.* 4; 1073 *Id.* 468; 63 *Id.* 400, etc.

2.    The warrant was not a proper charge against the county and should not have been reissued.    The court had power to call in all warrants.    Kirby's Digest, § 1175; 33 Ark. 793.

3.    A county judge has no authority to make a contract in vacation.    55 Ark. 437; 58 *Id.* 494, 502; 97 *Id.* 321.

4.    This was not a claim against the county. The court properly disallowed it.    There is no error. 61 Ark. 74 to 79; 54 *Id.* 645; Kirby's Digest, §§ 1494-9; 36 Ark. 641; 98 *Id.* 493; 63 *Id.* 400; 49 Ark. Law Rep. 336; 122 Ark. 557; 33 *Id.* 794.

HART, J.    This is an appeal from a judgment of the circuit court affirming the judgment of the county court cancelling a certain warrant issued to A. L. Greenberg Iron Company in part payment for materials furnished by it to build a bridge on one of the main streets of the city of Bentonville, Arkansas.    The facts are as follows:

The county judge and the city authorities of Bentonville decided to build a bridge on one of the main streets of the city.    The materials were purchased

from A. L. Greenberg Iron Company for $1,200.00 which was a reasonable price therefor. The city agreed to pay $500.00 of this amount and the county judge agreed to pay the remainder, $700.00. After the bridge was constructed and in use, the county court made an order that a warrant of $700.00 be issued to A. L. Greenberg Iron Company, which was accordingly done. No appropriation was made by the levying court of Benton county to build said bridge. No notice of the proposed contract was published, no commissioners were appointed to locate the bridge, and the contract to construct it was not let to the lowest bidder at public outcry. Subsequent to these proceedings the court made an order calling in all the outstanding county warrants. The A. L. Greenberg Iron Company presented the warrant in question for $700.00 to the county court for cancellation and re-issuance. Sam Dixon, a citizen and tax-payer of the county appeared and contested the right of the company to have the warrant re-issued. The county court refused to re-issue the warrant and as above stated the appeal here is from the decision of the circuit court affirming the judgment of the county court.

(1-3) The judgment of the circuit court was wrong. It has been held that under our statute the county court has no power to let a contract to construct a bridge without some appropriation made for building bridges by the levying court. *Fones Hardware Co. v. Erb*, 54 Ark. 645. It cannot be determined from the record whether or not there was an appropriation for building bridges in Benton county for the year in question. It is true the record recites that there was no appropriation for building this particular bridge, but this was not necessary. Upon the authority above recited, if there was an appropriation for building bridges, the county court had the power to act and is not limited to the amount appropriated. When the levying court appropriated any sum for building bridges, that indicates its judgment that the work should be done, and the county court in contracting for the

.construction of bridges, is not limited to the amount appropriated. The record being silent upon the question of whether or not an appropriation was made for building bridges, the county court could not refuse to re-issue the warrant. In construing our statute in regard to calling in, cancelling and re-issuing warrants, this court has held that the county court is not authorized to review its former judgments for mere errors in the allowance of claims but can only reject those which have been illegally or fraudulently issued. That is to say, a claim would be illegal where it was one which under no evidence that might have been adduced could have been a valid claim against the county. *Izard County* v. *Vincennes Bridge Co.*, 122 Ark. 557, and *Monroe County* v. *Brown*, 118 Ark. 524. It will be readily seen that evidence might have been introduced to show that the levying court had made an appropriation for building bridges, and upon the authorities just cited it may be said that in the absence of such affirmative showing the presumption is that such appropriation was made.

(4) Again it is sought to uphold the judgment on the ground that the county court had no authority to expend the road funds in constructing a bridge in a city or town, but this contention has been decided against them in the case of *Texarkana* v. *Edwards*, 76 Ark. 22. There it was held that the road tax, when collected, is a fund belonging to the county, and should be paid into the county treasury; and that the expenditure of the fund is under the jurisdiction of the county court, which, so far as street improvements are concerned must act in conjunction with the city authorities having control of the streets. See also *City of ElDorado* v. *Union County*, 122 Ark. 184.

(5) Finally it is insisted that the judgment should be upheld because the county judge had no authority to make the contract in question and that the county court could not ratify his act. It will be remembered that the county judge first made the contract with the iron company to furnish materials for the bridge and.

that the county court subsequently ratified this contract by ordering a warrant for the amount to be issued to the iron company.   As we have already seen the contract is one which the county court could have made in the first instance and this court has held that the county court may ratify an unauthorized contract, made in behalf of the county if the contract is one the county court could have made in the first instance.   *Leathem & Co.* v. *Jackson County*, 122 Ark. 114.

It follows that the judgment must be reversed and the cause will be remanded for further proceedings in accordance with law.