McCord v. Little River County.

Opinion delivered October 30, 1922.

1. HIGHWAYS—ROAD COMMISSIONER NOT AUTHORIZED TO PURCHASE AUTOMOBILE.—Crawford & Moses' Dig., § 5278, authorizes county road commissioners to buy "such tools, plows, scrapers, wagons, graders and other implements as may be necessary for use on roads and bridges on the different road districts." Acts 1921, No. 494, § 11, provides for expenditure upon the highways of money paid into the highway fund. *Held* that a county road commissioner was not authorized to purchase, subject to the approval of the county court, an automobile for inspecting work upon road districts.

2. HIGHWAYS—UNAUTHORIZED PURCHASE OF AUTOMOBILE—RATIFICATION.—The county court could not allow a claim for the unauthorized purchase of an automobile by the county road commissioner, and thereby ratify his contract in purchasing same, though it was purchased and used in good faith.

Appeal from Little River Circuit Court; *James S. Steel,* Judge; affirmed.

*A. D. DuLaney* and *John J. DuLaney,* for appellant.

The county court was authorized to purchase the automobile the same as it could have purchased any other machinery necessary in constructing and maintaining the roads, and authority therefor is found in sec. 11 of act 494 of the Acts of 1921; sec. 5278, C. & M. Digest; and the decisions in 135 Ark. 110 and 165 S. W. (Ark.) 631.

The county ratified the purchase by paying for same out of the highway improvement fund, mentioned in sec. 11, act 494, Acts of 1921. The county court may ratify an unauthorized contract made in behalf of the county, if

the contract is one the county could have made in the first instance.   122 Ark. 114.

*George R. Steel, June R. Morrell* and *Reynolds & Steel,* for appellee.

A passenger automobile is neither necessary material, nor a necessary road tool or other implement for the construction of a public road, as defined in sec. 5278, C. & M. Digest.   Authority for its purchase can not be found in the other sections of the Digest which treat of expenses for bridges and roads.   See secs. 5490-5496, C. & M. Digest.   This clearly being an unauthorized claim, the circuit court was correct in denying it.   118 Ark. 531. No authority is found in act 494 of Acts of 1921 for this purchase.   The cases cited by appellant support the contention of appellee that the claim was unauthorized and that an illegal claim could not be ratified.

Wood, J.   P. M. McCord (hereafter called appellant), who was the county judge and road commissioner of Little River County, purchased a Buick automobile to be used by him as road commissioner in the supervision and construction of roads and bridges in Little River County. He was to pay the sum of $1,075 for the automobile, and he presented four separate claims in the aggregate for that sum to the county court, which claims were allowed, the appellant sitting as judge.   The court directed the payment be made out of the highway improvement fund. Warrants were issued, and the amounts thereof paid to the appellant out of such fund.

The appellees, who were taxpayers of Little River County, protested against the allowance and appealed to the circuit court from the judgment of the county court making such allowance.

The appellant testified substantially as follows: That he was the county judge and road commissioner of Little River County, and as such it was very necessary that he get out among the road overseers and supervise the work on the roads and bridges.   There are fifteen districts in the county.   Some of them are large districts

and he had four or five men working at a time. Seventy-five to ninety per cent. of his time was spent in looking after the road work. If he hadn't purchased the car, it would have been necessary for him to hire one, which would have been more expensive to the county. It would cost from twelve to fifteen dollars per day to hire a car to get to remote portions of the county. The work on the roads was not being done by contract, but under appellant's personal supervision.

At the conclusion of the testimony, the court rendered a judgment disallowing the appellant's claims, from which is this appeal.

The appointment of commissioner of public roads is provided for and his duties prescribed under sections 5276-5278, Crawford & Moses' Digest. Section 4269 makes it the duty of the commissioner of public roads "to diligently prosecute the work of construction and repairs on roads, bridges, and other public works of the county, under direction of the county judge, and to organize, equip, take charge of, manage and control the property and labor of such force of men, teams and tools as the county court, or judge, may from time to time direct."

Other sections make it his duty "to examine all the first and second-class roads and bridges of the county, giving estimates of the work to be done, repairs, or changes to be made, and the cost of same," and to make written sworn reports at the October term of the county court of the work done. Sec. 5276. It is also made his duty "to superintend the work of construction of all bridges of the county, and the work on the roads and highways of any road district of the county, whenever the county court, or the county judge in vacation, shall so order," and to report to the county clerk all road overseers who failed to perform any of their duties as prescribed by law. Secs. 5276-77.

Sec. 5278 provides as follows: "The road commissioner shall, under the direction of the county court, buy

such tools, plows, scrapers, wagons, graders and other implements as may be necessary for the use on roads and bridges on the different road districts in the county, and distribute the same among the overseers of each county, and the cost of same shall be paid for out of the county treasury on warrants properly drawn and allowed by the county court, out of any money in the treasury to the credit of the road district in which said tools and implements are purchased and used; provided, that, if the county court so order, the road commissioner may purchase wagons and road graders to be used in any road district in the county, and the cost of the same shall be paid *pro rata,* according to the amount of taxes levied and collected in said district, out of any moneys in the county treasury to the credit of said districts; provided, that no money shall be used for working or repairing roads or bridges in any other district than that in which said money was raised or voted.''

Section 11 of act 494 of the General Acts of Arkansas 1921, page 500, provides in part as follows: ''The fund so paid into the county highway improvement fund shall be by the county court expended upon the public highways of said county, and it shall be the duty of the county court to fairly and equitably apportion the funds so collected among the various road districts and the road improvement districts in said county for the purpose of constructing and maintaining the roads, whether hard surfaced or dirt roads.''

Appellant contends that the authority for the allowance of his claims can be found in section 11, act 494, *supra,* authorizing the county court to expend the money paid into the county highway improvement fund upon the highways of the county for the purpose of constructing and maintaining the roads. But not so. An automobile cannot be used ''for the purpose of constructing and maintaining roads.'' The money expended for the purchase of an automobile is not ''expended upon the public highways.'' The road commissioner, under the

statute, and by direction of the county court, shall buy "tools, plows, scrapers, graders and other implements as may be necessary for use on the different roads and bridges in the county." But the words, "other implements," under the rule of *ejusdem generis,* must be implements of the same nature of those previously mentioned, referring to tools, etc., that may be used in the actual construction of roads and bridges. *Jones* v. *State,* 104 Ark. 261, and cases there cited. An automobile is not in that category.

After a most careful scrutiny of the various statutes describing the functions, the duties and powers of the road commissioner, the county judge and county court, we fail to discover any statutory authority for the purchase of an automobile by the road commissioner, or the county judge, subject to the approval of the county court. No such authority exists, and the act of the road commissioner in making such purchase at the expense of the county was *ultra vires* and void. It was beyond the power of the county court to allow the claims for the purchase of this automobile and by so doing ratify the contract of the commissioner in making the purchase. Since such contract was illegal and void, the court could not authorize it in the first place, nor ratify it in the second place, after it had been entered into by the commissioner. *Leatham* v. *Jackson County,* 122 Ark. 114; see also *Monroe County* v. *Brown,* 118 Ark. 531.

It may be said, in passing, that the testimony shows that the automobile purchased was used in good faith and for a good purpose by the appellant in the performance of his duties as road commissioner, but considerations of economy and expediency in the allowance of claims of this kind must be addressed to the Legislature and not to the courts. Authority for the allowance of all such claims must be found in *ita lex scripta est* ("so the law is written").

The judgment of the court is therefore correct, and it is affirmed.