CLEVELAND COUNTY *v.* PEARCE.

Opinion delivered November 8, 1926.

1. COUNTIES—EMERGENCY SESSION OF QUORUM COURT.—A quorum court levying appropriations for payment of claims for county home and farm demonstration work was lawfully in session on giving notice of the session in any manner to the justices of the peace affected; such session being an emergency session under Crawford & Moses' Dig., §§ 1945-7; section 2270, *Id.,* being inapplicable.

2. COUNTIES—CONTRACTS BY OUTGOING JUDGE.—Contracts of employment of county home and farm demonstration agents for the

succeeding year entered into by the county judge immediately before going out of office are binding on his successors.

Appeal from Cleveland Circuit Court; *L. S. Britt,* Judge; affirmed.

*George Brown,* for appellant.

*J. C. Clary, J. Bruce Streett* and *W. G. Streett,* for appellee.

WOOD, J. On October 22, 1924, the quorum court of Cleveland County, the Honorable N. A. McKinney presiding, met in regular session, and, among other proceedings, a motion was made and seconded to appropriate $1,000 for home demonstration work. The motion was lost. There being no further business, the court adjourned. Thereafter, the court called a special session of the county court, which was convened on November 18, 1924. This court, in special session, voted to appropriate $1,500 for farm demonstration work and $1,000 for home demonstration work. This court made other appropriations which exceeded the amount authorized by law. On December 15, 1924, the county court found that the levying court, in a recalled session held for the purpose of levying taxes and making appropriation, on the 18th of November, 1924, made appropriations exceeding the amounts prescribed by law, and that, by reason thereof, the normal progress and activities of the county would be greatly hindered, and the court thereupon declared that an emergency existed, and ordered that the quorum court be called in special session on December 18, 1924, for the purpose of rectifying the appropriations and readjusting the entire appropriations, to the end that the same may be brought within the legal limit, and that the appropriations made be legally sufficient, and that the progress and prosperity of the county be not hindered. The court, in its order, directed the sheriff to serve notice on the several justices of the peace and summon them to appear on the day mentioned. The court met in special session, pursuant to the order, on the 18th day of December, 1924, a majority of the justices being present, and, by a majority vote,

the court appropriated $1,500 for farm demonstration work and $1,000 for home demonstration work. The court also adjusted all of the appropriations so that they did not exceed the amount which might be legally appropriated.

On December 19, 1924, N. A. McKinney, county judge, entered into a contract with the dean and director of agriculture of the University of Arkansas, by which Joe Pearce was employed as county farm demonstration agent for Cleveland County and Miss Clytice Ross was employed as home demonstration agent for Cleveland County. They performed services under the contract. The amount due Pearce was between $750 and $800, and the amount due Miss Ross was $500.

On or before December 6, 1925, the Honorable R. F. Foster, then county judge, notified Pearce and Miss Ross and the party at headquarters having charge of the farm and home demonstration work that he would not cooperate with them, and he instructed the sheriff to tell them, and entered an order to that effect. The county judge did not notify the sheriff to inform them of the order, but he had notified them himself several times before. An order of the court was entered on February 12, 1925, directing notice to be given Pearce and Miss Ross that the county court would not cooperate with them in any way for the year 1925. Notice was served on Pearce and Miss Ross by the sheriff on February 12, 1925. The notice of the call for the November and December special sessions of the quorum court was served on the justices by written notice through the mail and by the sheriff over the telephone. On May 14, 1925, the county court entered an order which recites, among other things, that the court finds: First, that no legal valid appropriation has been made by the levying court of this county from which to pay for home and farm demonstration work. Second, said home demonstration work and farm demonstration work, as heretofore operated, would entail upon the county an expenditure of funds which is not justified by the results to accrue and by the

funds available. The court thereupon entered a judgment discharging any and all persons assuming to act under the pretended contract, and declaring such contract void.

Separate actions were begun by Pearce and Miss Ross, presenting their verified claims in the usual form to the county court of Cleveland County, which that court disallowed. They appealed to the circuit court. In the circuit court the claims were, by consent of parties, consolidated and tried by the court sitting as a jury. The trial court found as follows: "The court finds that the proclamation convening the quorum court on the 18th of December, 1924, by the county judge was legal, and sufficiently broad in its scope to cover the question in controversy, viz., the question of an appropriation for farm and home demonstration work, and that they did make an appropriation on that date, and that the then county judge, McKinney, entered into a valid and binding contract with Miss Clytice Ross and Joe Pearce, and that the present county judge, Foster, who succeeded him, the said McKinney, on the first day of January, 1925, has no authority to repudiate it." From a judgment entered by the court in favor of Pearce and Miss Ross, the county duly prosecutes this appeal.

1. The appellant contends that the levying court of December 18, 1924, was not lawfully in session and could not therefore make a legal appropriation for these claims. Sections 1945 and 1946 of C. & M. Digest provide for the procedure to be had for a special term of the county and levying court, called for the purpose of rebuilding or repairing public buildings of the county which have been destroyed by fire or otherwise. The statute requires notice of the special term to be given by publication in some newspaper printed in the county ten days, and if there is no newspaper, by written notice posted at some public place at the county seat and at nine other public places in the county ten days before the convening of the special term. This statute is a part of the Acts of 1885, page 85, §§ 1 and 2. Act No.

217 of the Acts of 1917, page 1185, § 1977, C. & M. Digest, provides, in part, as follows: "In case of emergency, the county court may call a meeting of said quorum court and said quorum court shall have jurisdiction and power to act upon any matter designated in the order of the county court calling for such meeting." Sections 1945 and 1946 *supra,* relate solely to the calling of special terms for the repair or replacement of public buildings in the county. These have no reference whatever to the emergency sessions of quorum courts provided for in § 1977 *supra.* If the Legislature had intended that the provision for notice required by §§ 1945 and 1946 *supra* should apply to the called sessions of the quorum court in case of emergency, it doubtless would have so specified. It must be presumed that the Legislature was familiar with the provisions of the prior law relating to the call of special sessions of the county and quorum court for the purpose of rebuilding and repairing buildings of the county which had been destroyed. Doubtless the Legislature of 1917 did not deem these sessions for the repair and rebuilding of county buildings as emergency sessions. Emergency sessions, in the sense of the act of 1917, pertain to other matters than those referred to in the act of 1885. The court cannot supply by intendment a notice for emergency sessions and the time required for such notice to be given. That is purely a legislative function. There is no conflict between §§ 1945, 1946 and 1977 of C. & M. Digest. The facts show and the record recites that the court met pursuant to the call of the county judge December 15, the county judge presiding, and a majority of the justices being present, with the sheriff and clerk of the county, and convened the session of the quorum court on December 18, 1924. The facts tended to prove that the justices were notified of the called session to be convened on December 18, 1924, by written notice through the mail and also by the sheriff over the telephone. It is wholly immaterial whether they had notice by this method or some other, since it is undisputed that they did actually assemble

on December 18, 1924, pursuant to the call for the emergency session. Section 2270, C. & M. Digest (Acts 1879, p. 60), requires a notice of ten days to be given by posting ten written or printed notices in ten of the most public places of the county, etc., before any special term of a county court shall be held. This provision has reference to special sessions of the county court only. It has no application to call emergency sessions of the quorum court authorized by § 1977 *supra.* The call was sufficiently definite in terms to justify the quorum court in readjusting the appropriations and making specific appropriations for home and farm demonstration work. We conclude therefore that the trial court was correct in holding that the quorum court was legally convened on December 18, 1924, and that the appropriations were legally made.

2. The appellant next contends that the contract entered into on December 19, 1924, by the outgoing judge was not binding on the incoming county judge for the succeeding year. We cannot concur in this view of the law. The contracts were entered into by the appellees with N. A. McKinney, who, at the time, was the duly elected, qualified and acting county judge of Cleveland County. At the time the contracts were executed he was authorized to make such contracts for the county, and he was the only person so authorized. It being within the power and duty of the county judge to enter into the contracts when they were made, these contracts were valid at that time, and they did not become invalid because of the change in the personnel of the individual holding the office of county judge. The expiration of the term of the individual who was county judge at the time the contracts were executed did not invalidate the contracts. *Searcy County* v. *Jordan,* 136 Ark. 138, 206 S. W. 129. See also *Gates* v. *School Dist.* 53 Ark. 469, 14 S. W. 656; *School District* v. *Garrison,* 90 Ark. 335, 119 S. W. 275; *Manley* v. *Scott,* 108 Minn. 142, 29 L. R. A. (N. S.), p. 652.

The judgment of the circuit court is correct, and it is therefore affirmed.