CRAWFORD COUNTY *v.* BUSHMAIER.

Opinion delivered September 22, 1930.

*C. M. Wofford,* for appellant.

*Partain & Agee, Ed B. Downie* and *Hill, Fitzhugh & Brizzolara,* for appellee.

HART, C. J., (after stating the facts). In *Clark County* v. *Spence,* 21 Ark. 465, this court held that the county court had the authority, if it chose to exercise it, in its general oversight of the interests of the county, to make an allowance to the sheriff for so much as was expended by him for fuel, paper, blanks, and candles for the use of the sheriff's office. In *Leathem & Company* v. *Jackson County,* 122 Ark. 114, 182 S. W. 570, Ann. Cas. 1917D, 438, this court held that the county court was the general fiscal agent of the county, and, in the exercise of its supervisory powers, had the implied power to employ an expert accountant to audit the official accounts and public records of county officers. In the case of *Penix* v. *Shaddox,* 165 Ark. 152, 263 S. W. 389, this court held that the county court has exclusive authority in the matter of assigning offices in the courthouse to the several county officers.

In the application of these principles, the court is of the opinion that the county court in its discretion might furnish the office of the sheriff and the jail with telephones for the benefit of the county. Hence the county would be liable for the rent of the telephones just as any other subscriber would be.

It is conceded that the county was liable as a subscriber for the monthly rental of the telephones, but it is contended that it is not liable for the long distance calls which originated from the sheriff's office, although they were made for the benefit of the people of the county in the administration of justice. We cannot agree with

counsel in this contention. In *S. W. Tel. & Tel. Co.* v. *Sharp*, 118 Ark. 541, 177 S. W. 25, L. R. A. 1915E, p. 323, it was held that telegraph and telephone companies may make rules and regulations which require that charges shall be paid for a reasonable time in advance by their subscribers, and may enforce such regulations by the refusal of service to persons who do not comply therewith. It was further held that it was a reasonable rule for a telephone company to require that the telephone where long distance calls originate shall be responsible for the payment of the charges therefor and that the company has a right to enforce such rule. The reason is that the subscriber can easily control the use of his telephone by third persons, while it is impossible for the telephone operators to know and recognize the voices of all persons using a telephone for long distance purposes, and to know to whom these calls should be charged in the absence of such a regulation.

It is insisted that this rule or regulation should apply alone to private subscribers and not to public officers who have telephones installed in their offices. We cannot perceive any reason for such discrimination. Public officers are only required to keep their offices open during reasonable hours, and have just as much control over their telephones and the accessories to their offices as do private individuals or private corporations.

Therefore, we hold that the county, as the subscriber for the telephones, is bound by the regulations of the company in its use just as other subscribers are bound. It follows that the judgment must be affirmed.