WATTS & SANDERS v. MYATT, COUNTY TREASURER.
WATTS & SANDERS v. SEARCY COUNTY.

4-9087                                          226 S. W. 2d 800

Opinion delivered February 13, 1950.

*N. J. Henley* and *W. F. Reeves,* for appellant.

*Eugene W. Moore* and *Opie Rogers,* for appellee.

LEFLAR, J.   Two cases are consolidated here.   One is mandamus brought by Watts and Sanders against Myatt as County Treasurer of Searcy County to compel him to honor a warrant for $360 given Watts and Sanders as rent for certain offices leased by them to the County for occupancy in 1949 by its Welfare department.   The other case is an appeal from the County Court of Searcy County, to the Circuit Court, from an allowance by the first court of the $360 item to Watts and Sanders.   The Circuit Court held against Watts and Sanders in both cases, and they appeal.

Searcy County had leased the offices, a fairly large three-room suite in a new office building, for the year

1948 at an annual rental of $360, and they had been occupied by the County Welfare Department. In October or early November, 1948, the retiring County Judge, John W. Griffith, orally agreed to rent the same offices for the same purpose for the year 1949 for $360. The Quorum Court meeting on Nov. 15, 1948, appropriated $400 for expenses, including rent, to be incurred by the Welfare Department in 1949. On Dec. 7, 1948, Judge Griffith issued a County Court order allowing the $360 to Watts and Sanders as rent on the offices for 1949. Thereafter the County Clerk issued a warrant to Watts and Sanders for the $360, and on Jan. 1, 1949, it was presented to Treasurer Myatt for payment. He refused to pay it. During January, 1949, the new County Judge, Z. B. Ferguson, ordered the Welfare Department to move to a room in the Courthouse, and this move was made at the end of January, 1949. There was evidence that the leased offices remained vacant thereafter, and that the county welfare director retained a key at least for some time. Watts and Sanders then at once brought their mandamus action against Treasurer Myatt to require him to honor the warrant. At the same time County Judge Ferguson permitted Myatt to intervene in the County Court proceeding in which the $360 had been allowed, and then granted Myatt an appeal therefrom to the Circuit Court.

The Circuit Court held that no binding contract for the lease had been made; that Watts and Sanders should receive $30 as rent for the offices for the month of January, 1949; that "to pay said warrant out of the appropriation of $400.00 for the Welfare Department would deplete said appropriation until said department could not operate and should be disallowed for this reason"; and that the claim should be disallowed for the further reason that "the Court should not allow an account in any amount until the material had been furnished at the time of the claim or the allowance." There was no finding that the transaction was improvident or in any wise fraudulent. The conclusion was that the $360 warrant be cancelled.

It is established that an outgoing County Judge has authority to bind his successor contractually for the following year. "The expiration of the term of the individual who was county judge at the time the contracts were executed did not invalidate the contracts." *Cleveland County* v. *Pearce,* 171 Ark. 1145, 287 S. W. 593. But it is equally well established that a County Judge, acting merely as a county official, has no power in Arkansas to make contracts binding upon the county; to make such contracts binding it is necessary that they be approved by the County Court. *Lyons Machinery Co.* v. *Pike County,* 192 Ark. 531, 93 S. W. 2d 130. The Constitution requires that county contracts be made by the County Judge acting in his judicial capacity and not in his executive capacity. *Rebsamen, Brown & Co.* v. *Van Buren County,* 177 Ark. 268, 6 S. W. 2d 288. Judge Griffith's purported contract with Watts and Sanders, in October or early November, was not made by him in his judicial capacity. Unless it was formalized by a later County Court order, it was ineffectual.

On Dec. 7, 1948, the County Court of Searcy County issued a formal order, through Judge Griffith, allowing the sum of $360 to Watts and Sanders as rent for the Welfare offices for the year 1949. Was this such a formalization of the contract as to make it binding on the County?

A county contract ineffectual because made only by the County Judge in his executive capacity may be bindingly ratified by subsequent approval by the County Court. *Leathem & Co.* v. *Jackson County,* 122 Ark. 114, 182 S. W. 570, Ann. Cas. 1917D, 438. Such ratification may be by allowance of a claim for payment under the contract. *Wilcox* v. *McCallister,* 186 Ark. 901, 56 S. W. 2d 765; *Watson & Smith* v. *Union County,* 193 Ark. 559, 101 S. W. 2d 791. That was what happened on Dec. 7, 1948, in the present case. As of that date the contract was ratified.

The County Court order of Dec. 7, 1948, was appealed to the Circuit Court and there set aside. Was that action proper?

A citizen and taxpayer claiming to be aggrieved by an allowance made by the County Court may intervene in the proceedings before the County Court, even after the allowance has been made, and file an appeal to the Circuit Court. *Van Hook* v. *McNeil Monument Co.,* 101 Ark. 246, 142 S. W. 154; *Ladd* v. *Stubblefield,* 195 Ark. 261, 111 S. W. 2d 555. The intervention of County Treasurer Myatt in the present proceedings, and his appeal to the Circuit Court, were based on this rule, and were therefore permissible. The appeal before the Circuit Court is a *de novo* proceeding. Ark. Stats., 1947, §§ 27-2006, 27-2007. The Circuit Court therefore acted properly in hearing the appeal. The remaining question is whether its judgment was correct.

The Circuit Court's findings have already been recited herein. First among them was the conclusion that no binding contract for the lease had been made. It has already been seen that a contract was achieved by the County Court's ratification of Dec. 7, 1948, and this ratified contract must stand unless other findings of the Circuit Court invalidate it.

The next finding was that $30 should be paid to Watts and Sanders for January rent. This may be taken as having no bearing on whether a contract existed, though in a sense it recognized the contract.

Next was the finding that "to pay said warrant out of the appropriation of $400.00 would deplete said appropriation until said department could not operate and should be disallowed for this reason." This finding was based on evidence that other expenses of the Welfare Department, for heat, lighting telephone and the like had run to $186 the previous year, plus the assumption that similar expenses would ensue in 1949. That is an assumption that neither this Court nor the Circuit Court could make. The $360 allowance was well within the $400 appropriation, and was the only charge against the appropriation which had been presented when the question was raised. Illegality of allowances in excess of the appropriation would be a matter for consideration when excessive claims were presented.

Finally, there was the finding that the warrant should be cancelled ''because under the laws the Court should not allow an account in any amount until the material had been furnished at the time of the claim or the allowance.'' This finding was presumably based upon Ark. Stats., 1947, § 17-703 which requires proof, before claims are allowed by a county court, ''that the services charged for or materials furnished, as the case may be, were actually rendered or furnished.'' This requirement was fully satisfied in the present case. The thing contracted for was a leasehold interest in the premises for the term of one year. A leasehold interest in realty is a very real and tangible thing. It has legal existence as actually as does a five-ton truck or a cubic yard of gravel. At once upon the ratification of the contract with Watts and Sanders on Dec. 7, 1948, the County became and was the owner of a leasehold interest in certain realty for the term of one year from Jan. 1, 1949. The ''services charged for or materials furnished . . . were actually rendered or furnished'' in this case as of the moment when the contract was completed by the formal ratification.

None of the Circuit Court's findings justify setting aside the contract made by the County Court. The judgment of the Circuit Court is reversed and the cases remanded for action in accordance with this opinion.