The Honorable Jim Lancaster State Representative Route 2, Box 520 Sheridan, Arkansas 72150
Dear Representative Lancaster:
This is in response to your request for an opinion on whether it would be legal for the Dallas County Quorum Court, presumably from general fund moneys, to grant $1,500 to the City of Carthage to be used as matching funds for a grant from the Arkansas Highway and Transportation Department to demolish old buildings and build new walkways in the Carthage business district.
It is my opinion that the answer to your question is "yes."
It is my understanding that the grant funds involved are federal funds made available through the provisions of the federal "Intermodal Surface Transportation Efficiency Act of 1991" or "ISTEA." See23 U.S.C. §§ 101-410. Such funding requires a twenty percent match of "state funds," meaning funds raised under the authority of the State or any political or other subdivision thereof, and made available for expenditure under the direct control of the State highway department.See 23 U.S.C. § 101(a) (1994). Thus, as long as the funds involved are raised under the authority of a political subdivision, the provisions of federal law appear to be satisfied.
Your question is one of state law, i.e., whether a county, through an appropriation of the quorum court, may grant moneys to a city for business district improvements to "walkways."[1] It is my opinion that the answer to this question is "yes," based upon language of the Arkansas Constitution and Arkansas statutes.
Amendment 55 to the Arkansas Constitution, addressing county government, provides that a county quorum court may exercise local legislative authority not denied by he Constitution or by law. Amendment 55 § 1(a). The legislative action, however, must relate to "county affairs." Amendment 55, § 1(b). It is also provided that a county may, "for any public purpose, contract, cooperate, or join with any other county, or with any political subdivisions of the State or any other states or their political subdivisions, or with the United States." See also A.C.A. §14-14-801(b)(4) (1987). In addition, A.C.A. § 14-14-801 enumerates certain services, some of which shall, and some of which may, be provided by the county to its citizens. A county is authorized, under the discretionary portion of this statute, to provide "[u]rban and rural development, rehabilitation, and redevelopment services," and "[p]ublic transportation services." The citizens of the City of Carthage are also citizens of Dallas County.[2] It is my opinion that the donation of county funds to the City for this purpose is therefore not prohibited by the Constitution or by law, and is within the County's authority over "county affairs."[3] See also generally Shofner v. Dowell, 168 Ark. 229
(1925) (upholding a county appropriation for street improvements within a city).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] It is my assumption, in light of the state grant of "highway" funds, that the project relates, in some fashion, to "transportation."See generally, 23 U.S.C. § 133 (b)(8) (authorizing federal funds for "transportation enhancement activities" defined as including facilities for pedestrians and bicycles). It is my understanding, however, that the project does not strictly include the building or repairing of roads, streets or bridges, which fact would render inapplicable cases holding that a county may spend county road tax moneys for such improvements inside the city limits. See, e.g., Greenberg Iron Co. v. Dixon,127 Ark. 470 (1917) and Texarkana v. Edwards, 76 Ark. 22 (1905). See also
Arkansas Constitution, Amendment 61, restricting usage of road tax moneys to construction and repairing of public road and bridges).
[2] The opposite is, of course, not true, and this fact distinguishes such opinions as Op. Att'y. Gen. 92-175, which opine against the legality of a city "granting" or making an outright donation of funds to a county for a public purpose without specific statutory authorization therefor.
[3] Article 12, § 5 of the Constitution, which states that "[n]o county . . . shall obtain or appropriate money for . . . any corporation, association, institution or individual," is in my opinion inapplicable where the recipient of the funds is another public entity. See Op. Att'y Gen. 92-250.